**UNITED STATES of America, Appellee,**

v.

**Tyrone ADAIL, Appellant.**

No. 94–1866.

United States Court of Appeals,
Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 1, 1994.

Carter Collins Law, St. Louis, MO, argued, for appellant.

Thomas J. Mehan, St. Louis, MO, argued, for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

PER CURIAM.

Tyrone Adail pleaded guilty to possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Although the maximum statutory penalty for a § 922(g) violation is 120 months, the district court sentenced Adail to an enhanced 204–month sentence. *See* 18 U.S.C. § 924(e)(1) (1988) (providing enhanced sentences for persons convicted of violating § 922(g) who have three earlier violent felony convictions); U.S.S.G. § 4B1.4 (implementing § 924(e)(1)). Adail appeals his sentence.

Adail contends his sentence violates his due process rights because the Government did not notify him before he pleaded guilty which of his many earlier convictions triggered the enhanced sentence. Having carefully reviewed the record, we conclude Adail's due process argument lacks merit. The record clearly shows the Government informed Adail of its intent to seek the § 924(e)(1) enhancement before he pleaded guilty to violating § 922(g)(1). Following his plea, Adail received notice in the presentence report of his earlier convictions, including

three violent felonies, and an addendum to the presentence report informed Adail the three violent felony convictions permitted an enhanced sentence under § 924(e)(1). Additionally, on the day of sentencing the Government provided Adail with certified copies of these convictions. Assuming that notice is constitutionally required, Adail received adequate notice of the specific felonies on which the enhanced sentence would depend and was given ample opportunity to investigate his earlier convictions and to challenge the requirements of § 924(e)(1). Further, any deficiency in notice would be harmless beyond reasonable doubt because Adail did not challenge any of his violent felony convictions or deny that he committed the offenses in his written objections to the presentence report, at his sentencing hearing, or on appeal.

Adail also contends his 204–month sentence violates his plea agreement. Adail's assertion the Government agreed to a 120–month sentence is refuted by the parties' stipulation. Before Adail's guilty plea, Adail and the Government stipulated "[t]here is no plea agreement in this case" and Adail "acknowledge[d] that it is the government's position that [Adail] may be subject to enhanced punishment" under § 924(e)(1) above § 922(g)'s 120–month maximum sentence.

Accordingly, we affirm Adail's sentence.