**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Frederick COBIA, a/k/a "Rick",**
**Defendant–Appellant.**

**No. 93–5292**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 9, 1995.

Dave Lee Brannon, Asst. Federal Public Defender, West Palm Beach, FL, for appellant.

Lisa A. Hirsch, Linda Collins Hertz, Asst. U.S. Attys., Miami, FL, for appellee.

Before ANDERSON, COX and CARNES, Circuit Judges.

PER CURIAM:

## INTRODUCTION

Frederick Cobia pled guilty to possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g). The district court accepted Cobia's plea and sentenced him to 180 months' imprisonment pursuant to 18 U.S.C. § 924(e). Cobia appeals, challenging the sentence imposed by the district court.

## FACTS AND PROCEDURAL HISTORY

A federal grand jury returned an indictment charging Cobia with knowingly possessing firearms in and affecting commerce as a previously convicted felon, in violation of 18 U.S.C. § 922(g). Cobia entered into a plea agreement with the Government. As part of the plea agreement, the Government stated that it would not file any motion to enhance the sentence for the offense pursuant to 18 U.S.C. § 924(e) even though Cobia had at least three prior convictions for violent felonies or serious drug offenses as defined in 18 U.S.C. § 924(e). However, in the plea agreement, the Government maintained and Cobia understood that "sentencing under § 924(e) may be mandatory irrespective of whether the Government files any motion to enhance the defendant's sentence." (R. 1–17 at 2.) The plea agreement also provided that Cobia could not withdraw his plea in the event the court enhanced his sentence pursuant to § 924(e). (Id.)[1]

At the sentencing hearing, the Government took the position that § 924(e) provided for mandatory enhancement and that the Gov-

---

1. Notwithstanding this provision, the district court allowed Cobia the opportunity to withdraw his guilty plea after the court indicated that it would apply the § 924(e) enhancement. Cobia chose not to withdraw the plea.

ernment need not file any motion to enhance Cobia's sentence for § 924(e) to apply. Cobia argued that § 924(e) did not provide for mandatory enhancement, that the Government must affirmatively seek enhancement and provide the defendant with notice for § 924(e) to apply, and that because the Government had not filed a motion to enhance pursuant to § 924(e), Cobia's sentence should not be enhanced. The district court held that Cobia had sufficient notice for his sentence to be enhanced pursuant to § 924(e), that § 924(e) applied automatically, and that the Government need not affirmatively seek enhancement for § 924(e) to apply. The court applied the § 924(e) enhancement and sentenced Cobia accordingly.

## ISSUES ON APPEAL

The sole issue on appeal is whether the district court erred in sentencing Cobia as an armed career criminal pursuant to 18 U.S.C. § 924(e) when the Government did not affirmatively seek a § 924(e) enhancement.

## STANDARD OF REVIEW

■ This court applies de novo review to questions of law such as statutory interpretation. *United States v. Lawson,* 809 F.2d 1514, 1517 (11th Cir.1987).

## DISCUSSION

■ Section 924(e) provides for the enhancement of sentences when individuals who have three or more previous convictions for violent felonies or serious drug offenses violate § 922(g). The Government contends that § 924(e) is a mandatory enhancement statute. The Government bases this contention on the plain wording of § 924(e), which states that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions. ... for a violent felony or a serious drug offense ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1) (1988). Therefore, the Government argues, the district court must apply the enhancement statute regardless of whether the prosecution affirmatively seeks the enhancement. On the other hand, Cobia

contends that the Government must affirmatively seek enhancement for a court to apply the provisions of § 924(e). Cobia argues that under the United States Sentencing Guidelines ("USSG") § 4B1.4, which addresses the offense level and criminal history category for defendants whose sentences are enhanced pursuant to 18 U.S.C. § 924(e), the commentary indicates that "the procedural steps relative to the imposition of an enhanced sentence under 18 U.S.C. § 924(e) are not set forth by statute and may vary to some extent from jurisdiction to jurisdiction." USSG § 4B1.4, comment. (n. 1) (Nov. 1993). Cobia argues that the practice in the Southern District of Florida is for the prosecution to provide notice of its intent to seek enhancement either in the indictment or by a separate notice. Because it has been the practice in the Southern District of Florida for the prosecution to affirmatively seek § 924(e) enhancement, Cobia argues that the application of § 924(e) is not mandatory.

We have held that § 924(e) is merely a sentence enhancement provision. It does not create a separate offense. *United States v. Ruo,* 943 F.2d 1274, 1275 (11th Cir.1991). However, we have not addressed whether § 924(e) sentence enhancement is mandatory. In addressing this question, we find that the plain language of the statute supports the Governments position that § 924(e) is mandatory. The statute states that if a person "has three previous convictions ... such person shall be ... imprisoned for not less than fifteen years." 18 U.S.C. § 924(e)(1) (1988). The statute does not require the Government to affirmatively seek an enhancement. Because the statute clearly indicates that the intent of Congress was to require mandatory enhancement, we hold that sentence enhancement pursuant to § 924(e) should automatically be applied by the courts regardless of whether the Government affirmatively seeks such enhancement. *See United States v. Johnson,* 973 F.2d 857, 860 (10th Cir.1992) ("Once the sentencing court was aware that the requirements of § 924(e)(1) were satisfied, the enhancement was mandatory. The statute does not require government action to trigger its application nor does it vest discretion in the sentencing court not to apply its mandate."); *United States v. Cravei-*

**1476**

*ro,* 907 F.2d 260, 263 (1st Cir.) ("[S]ection 924(e) is mandatory...."), *cert. denied,* 498 U.S. 1015, 111 S.Ct. 588, 112 L.Ed.2d 593 (1990).

■■■ Although we hold that § 924(e) provides for mandatory enhancement, we note that before a defendant is sentenced pursuant to § 924(e) he must be notified of the mandatory minimum and maximum possible penalty as required by Fed.R.Crim.P. 11(c)(1). *United States v. Hourihan,* 936 F.2d 508, 509–11 (11th Cir.1991). Moreover, due process requires reasonable notice of and opportunity to be heard concerning the prior convictions. *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 504, 7 L.Ed.2d 446 (1962). In this case, Cobia was notified of the possible applicability of § 924(e) in the plea agreement. At Cobia's plea hearing, the court advised Cobia that the court might be required to apply § 924(e) and sentence Cobia to a mandatory minimum of fifteen years' imprisonment or a maximum term of life imprisonment. Moreover, the defendant received notice of the prior convictions to be used for enhancement purposes both in the Government's response to the court's standing discovery order, filed prior to the plea hearing, and in the presentence investigation report, filed following the plea hearing. Cobia was given the opportunity to challenge the validity and applicability of these convictions at the sentencing hearing. Under these circumstances, the requirements of due process and the Federal Rules of Criminal Procedure were satisfied, and the district court properly sentenced Cobia pursuant to § 924(e).

## CONCLUSION

We find no error in the imposition of sentence. Furthermore, we hold that 18 U.S.C. § 924(e) requires the district court to enhance the defendant's sentence in cases where applicable regardless of whether the Government seeks such enhancement.

AFFIRMED.