46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theodore Pershell WARF, Defendant-Appellant.
 No. 94-5038.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 19, 1995.
Decided: Feb. 9, 1995.
 
 Daniel Leone Crandall, Law Offices of Daniel L. Crandall, Roanoke, VA, for appellant.
 Robert P. Crouch, Jr., United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, VA, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Theodore Pershell Warf was convicted of being a felon in possession of a firearm, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994), and was sentenced as an armed career criminal to a term of 200 months. 18 U.S.C.A. Sec. 924(e) (West Supp.1994); United States Sentencing Commission, Guidelines Manual Sec. 4B1.4 (Nov.1993). He appeals his conviction on the ground that the evidence was insufficient to convict him. He also claims that the district court erred in finding him an armed career criminal, in enhancing his base offense level pursuant to guideline section 2K2.1(b)(5), and in refusing to depart below the guideline range. We affirm in part and dismiss in part.
 
 
 2
 The chief witness against Warf was Bryan Quaife, who was confined with Warf at a federal correctional institution for a year. Quaife testified that, while they were in prison, Warf said he had plans to rob banks as soon as he was free. After Warf's release in May 1993, he called Quaife's daughter several times to find out when Quaife was due to be released. Concerned that Warf would be caught robbing a bank and he might be implicated, Quaife contacted the Federal Bureau of Investigation (FBI) after he got out of prison, and agreed to participate in an investigation.
 
 
 3
 Wearing a recording device, and under surveillance by FBI agents, Quaife located Warf at his sister's home. Warf told Quaife that he had a bank lined up and he had guns. Warf paid for a motel room for Quaife and told him to wait there. Two days later, after intermittent contacts with Quaife, Warf brought him a .38 caliber pistol and ammunition and told him they would shortly go to Tennessee to "look for something" with his nephew. This conversation was recorded and Warf's presence at the motel was monitored by the agents. Quaife turned the gun over to the agents immediately after Warf left. When Warf and his nephew returned to the motel later that evening, Warf was arrested.
 
 
 4
 Warf denied giving a gun to Quaife or planning a robbery. He testified that the pistol found in Quaife's room belonged to Quaife. Warf's girlfriend and his nephew testified that they did not see Warf with a gun the day of his arrest. Joe Don Baker, a neighbor of Warf's sister, testified that Quaife came to his house looking for directions and had a handgun with him which he wanted to trade for a more powerful weapon. However, the recording of Quaife's conversation with Baker does not include any discussion of weapons.
 
 
 5
 When taken in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), the evidence amply supports the jury's verdict. While Warf and the other defense witnesses contradicted Quaife's testimony, the jury did not find them credible. An appeals court does not review the jury's evaluation of witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 6
 Warf qualified as an armed career criminal because he had two prior convictions for bank robbery and one conviction for armed robbery. Warf was represented by an attorney in each case. In the district court, he argued that his 1951 bank robbery conviction was too old to be considered. The district court correctly held that there is no time limit for predicate convictions under Sec. 924(e).
 
 
 7
 On appeal, Warf attacks his armed career criminal designation on two related grounds. He contends, first, that he received inadequate notice of which prior convictions would be used to enhance his sentence because he received the presentence report only eight days before sentencing, and second, that the report gave little detail about the 1951 bank robbery. See United States v. Wilson, 7 F.3d 828, 838 (9th Cir.1993) (due process requires notice and opportunity to challenge predicate convictions used for Sec. 924(e) enhancement), cert. denied, 62 U.S.L.W. 3793 (U.S.1994). However, in the district court, Warf did not ask for a continuance so that he could more fully investigate the circumstances of the 1951 conviction, nor does he allege any defect in his predicate convictions on appeal. Reviewing this claim for plain error, United States v. Fant, 974 F.2d 559, 565 (4th Cir.1992), we find that Warf had adequate notice of and opportunity to challenge the use of his prior convictions.
 
 
 8
 We need not determine whether an enhancement was properly made for possession and transfer of the firearm with the intent that it be used in another felony, USSG Sec. 2K2.1(b)(5), because the armed career criminal designation elevated Warf's offense level above the level produced by the enhancement. We do not review the district court's decision not to depart because of Warf's poor health. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 9
 We therefore affirm the conviction and sentence. To the extent that Warf contests the district court's decision not to depart, the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED IN PART AND DISMISSED IN PART.