**UNITED STATES of America**

v.

**Charles S. MACK, Defendant.**

**Criminal Action No. 98–308.**

United States District Court,
E.D. Pennsylvania.

March 19, 1999.

Patrick C. Askin, United States Attorney's Office, Philadelphia, PA, for plaintiff.

Mark Wilson, Federal Defender Association, Philadelphia, PA, for defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

Charles Mack was convicted by a jury of one count of being a felon in possession of a firearm. He now appears before the court to be sentenced, and he objects to the Presentence Investigation Report's conclusion that he is subject to the enhanced penalties of the Armed Career Criminals Act. After considering the Presentence Investigation Report (the PSR), the defendant's pro se Objections to the Presentence Investigation Report, the defendant's pro se Motion Objecting to the Presentence Investigation Report, the defendant's pro se Memorandum in Response to the Addendum to the Presentence Investigation Report, the probation officer's response, and the sentencing memorandum submitted by the government, and after the sentencing hearing, the court rules that the Armed Career Criminal Act penalties apply.[1]

*Discussion*

Defendant objects to his offense level computation and the various paragraphs of the PSR that follow from it, arguing

---

1. Although the court has continued Mr. Mack's sentencing twice due to the pendency of a pro se appeal made by the defendant after his conviction (appeal No. 98–2098, filed December 7, 1998, appealing the court's Order of November 20, 1998 denying the defendant's "nunc pro tunc motion to vacate judgment and acquit the defendant"), it is not necessary to further delay Mr. Mack's sentencing. *See United States v. Hashagen,* 816 F.2d 899, 906 (3d Cir.1987) (no suggestion that the district court lacked jurisdiction to sentence a defendant who had filed a premature appeal; the court fashioned the rule that "a notice of appeal filed after a verdict but before sentencing will ripen and be regarded as an appeal from the final order once judgment has been formally entered"); *see also United States v. Cottman,* 142 F.3d 160, 164 n. 5 (3d Cir.1998) (citing *Hashagen* and explaining that "the rule is now firmly established in this Circuit that a premature notice of appeal in a criminal case can ripen into a valid notice of appeal when the district court enters the judgment of sentence").

that he cannot be sentenced according the enhanced penalty provision of the Armed Career Criminal Act codified at 18 U.S.C. § 924(e) for two reasons. First, he was not indicted and convicted under this section, but under § 922(g). Second, the government did not file an information regarding Mr. Mack's prior convictions according to the process set forth in 21 U.S.C. § 851(a), and Due Process requires the government to give him notice of its intent to seek the enhanced penalties. Mr. Mack also objects to the application of the Guidelines' Armed Career Criminal provisions because he says those provision only apply if he was convicted of a crime of violence, which he was not.

■ As to the first contention, § 924(e) is the proper section under which Mr. Mack is to be sentenced. Section 924 sets forth the penalties for violations of the various parts of § 922. It is not unusual for sentencing provisions to be contained in statutes other than the statute setting forth the substantive offense, as is the case here.

■ Defendant next argues that 21 U.S.C. § 851's notice requirement applies to armed career criminal enhancements applied pursuant to 18 U.S.C. § 924(e). This argument is simply incorrect, because 21 U.S.C. § 851(a) requires the filing of an information only in drug cases involving statutes in Title 21 and does not apply to penalties assessed under 18 U.S.C. § 924.

Defendant next makes the related contention that although § 924 itself contains no explicit notice requirement, the government should nonetheless be required to follow a § 851–like procedure for giving notice. The Third Circuit has not specifically addressed this issue. *See United States v. Hawkins*, 811 F.2d 810, 820 (holding that defendant had adequate notice where the government filed notice two months before trial, but explicitly not ruling on "the extent, if any, to which notice of this type is constitutionally required").

■ Several other circuits have addressed the question of whether § 924(e) requires notice, and each has held that no notice is required beyond that necessary to satisfy Due Process. For example, in *United States v. Hardy*, 52 F.3d 147 (7th Cir.1995), the court explained as follows:

Neither § 924(e) nor U.S.S.G. § 4B1.4 require that any notice be given a defendant subject to an increased sentence as an armed career criminal. Thus, only notice necessary to satisfy constitutional requirements must be given. Due process requires that a defendant receive reasonable notice and an opportunity to be heard regarding a sentence increase for recidivism.

*Id.* at 150; *see also, e.g., United States v. Bates*, 77 F.3d 1101, 1105–06 (8th Cir.1996) ("Because sentencing is a separate phase of the criminal process, notice of which offenses the Government would be able to rely on in order to enhance [defendant's] sentence became relevant only at the sentencing stage."); *United States v. Cobia*, 41 F.3d 1473, 1475–76 (11th Cir.1995) ("Because the statute clearly indicates that the intent of Congress was to require mandatory enhancement, we hold that sentence enhancement pursuant to § 924(e) should automatically be applied by the courts regardless of whether the Government affirmatively seeks such enhancement."); *United States v. Craveiro*, 907 F.2d 260, 262 (1st Cir.1990) ("[T]he only thing that ought to be inferred from the lack of a notice provision is that Congress, knowing it could have mandated a prior notice procedure of some kind, as it did in [other contexts], chose not to."). These decisions comport with the Third Circuit's holding in a similar context that when a defendant is subject to sentencing as a career offender under U.S.S.G. § 4B1.1, the government is not required to file a pretrial information. *See United States v. Day*, 969 F.3d 39, 48 (3d Cir.1992).

The only question remaining as to notice, then, is whether defendant has received notice adequate to satisfy constitu-

tional Due Process concerns. *See United States v. Wilson,* 7 F.3d 828, 838 (9th Cir.1993) (due process requires notice and opportunity to challenge predicate convictions used for § 924(e), which notice "must be sufficient to allow a defendant to investigate and object to the validity of the prior convictions"); *Cobia,* 41 F.3d at 1475–76 ("[D]ue process requires reasonable notice of and opportunity to be heard concerning the prior convictions.").

■ It is quite clear that Mr. Mack received the requisite notice. One of Mr. Mack's prior convictions was proved at trial as an element of the case, and all his prior convictions are listed and described in the PSR, which defendant first received more than three months before sentencing. The government discussed with defense counsel both the applicability of the armed career criminal statute and its intention to seek the enhanced penalties numerous times before trial, first on the day of defendant's initial appearance and continuing throughout the ultimately unsuccessful plea negotiations. The government filed a pretrial detention motion on July 17, 1998 that stated that the defendant faced a fifteen-year minimum term of imprisonment and that mentioned four prior felony convictions. On August 12, 1998, the government sent defense counsel an itemized discovery letter that included certified copies of the defendant's prior convictions. Moreover, the government filed a Notice ten days before sentencing listing four prior convictions that it relies on to trigger the applicability of § 924(e). Before and during the sentencing hearing, defendant had an opportunity to challenge the validity of these convictions, and he did not do so.

These facts are similar to those of *Hardy,* where the fact that the defendant could be sentenced as an armed career criminal played a role in plea negotiations and his decision not to plead guilty, the PSR proposed an armed career criminal adjustment under U.S.S.G. § 4B1.4 and specified the prior convictions, and the government

filed an additional notice just before sentencing formally notifying him. On those facts, the court ruled that the defendant received "more than adequate notice." *See* 52 F.3d at 150. Similarly, Mr. Mack has received more than adequate notice, and Due Process has been satisfied. *See also United States v. Warf,* 46 F.3d 1129 (table), 1995 WL 50155 (4th Cir.1995) (defendant had adequate notice and opportunity to challenge where he received the PSR eight days before sentencing); *United States v. Gibson,* 64 F.3d 617, 626 (11th Cir.1995) (notice on day of sentencing did not violate Due Process because pre-trial discovery from the government had included copies of all his prior convictions, defense lawyer filed a motion in limine to preclude evidence of prior crimes that indicated his familiarity with his client's record, and defense lawyer contacted the probation officer upon receipt of the first PSR and noting that it was strange that the enhancement was not mentioned); *United States v. Adair,* 30 F.3d 1046, 1046–47 (8th Cir.1994) (per curiam) (constitutional requirements satisfied where defendant received notice of his prior convictions in the PSR and an addendum to the PSR informing him that the convictions permitted an enhanced sentence under § 924(e) ).

Last, Mr. Mack objects to the PSR's Guidelines calculation of his sentence using the Armed Career Criminal provisions of U.S.S.G. § 4B1.4. The PSR assigns him an offense level of 34 under § 4B1.4(b)(3)(A) and a criminal history category of VI under § 4B1.1(c)(2). The application of each of these subsections hinges on a finding that the defendant used or possessed the firearm in connection with a crime of violence. Mr. Mack argues that because he was convicted only of possessing a firearm and not of any crime of violence, these subsections do not apply to him.

■ To apply this section, it is enough that the government prove by a preponderance of the evidence that Mr. Mack possessed or used the gun in connection with a crime of violence; it is not required

to prove that he was convicted of a crime of violence. *See United States v. Mellerson,* 145 F.3d 1255, 1257–58 (11th Cir. 1998); *United States v. Gary,* 74 F.3d 304, 316 (1st Cir.1996); *United States v. Rutledge,* 33 F.3d 671, 673–74 (6th Cir.1994). In making the determination whether this section applies, the court must find that the defendant committed an offense that is a violent felony as defined in § 4B1.2(a) and that the defendant used or possessed a firearm in connection with that offense. *See Gary,* 74 F.3d at 316.

The facts of this case show that in the incident leading to Mr. Mack's arrest, he shot Gregory Wessels. Mr. Wessels made a statement to police on the morning of the incident that Mr. Mack shot him, although his subsequent testimony was not in accordance with that statement. The physical evidence further leads to this finding: the shell casings found in the place where Mr. Wessels's shooter was located match Mr. Mack's gun. Based on this evidence, the court finds that Mr. Mack committed that offense. That offense constitutes a crime of violence, and Mr. Mack used or possessed a firearm in connection with it. The subsections setting his offense level at 34 and criminal history category at VI are properly applied.

*Conclusion*

Based on the above discussion, the PSR correctly calculates the defendant's sentencing range by applying the armed career criminal enhancement in 18 U.S.C. § 924(e) and the provisions of U.S.S.G. § 4B1.4. The court will determine an appropriate sentence based on those calculations. An appropriate Order follows.

**ORDER**

**AND NOW,** this 19th day of March, 1999, pursuant to Federal Rule of Criminal Procedure 32(c)(1), for the reasons discussed in the foregoing Memorandum, it is hereby **ORDERED** that the findings and determinations of the court made therein shall be appended to the PSR in this case and shall accompany any copy of the PSR thereafter made available to the Bureau of Prisons.