UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4510

ANGELO DIAZ RODRIQUEZ, a/k/a
Chico,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-409)

Submitted: January 31, 2000

Decided: February 29, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas M. Atkins, BOURDOW & BOWEN, P.C., Midlothian, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Shannon
L. Taylor, Special Assistant United States Attorney, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Angelo Diaz Rodriquez entered guilty pleas to possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 1994 & Supp. 1999), and possession of a stolen firearm, 18 U.S.C.A. § 922(j) (West 1994 & Supp. 1999). The plea agreement provided that Rodriquez faced a maximum sentence of ten years on each charge. At the Rule 11 plea colloquy, the district court confirmed that the maximum term of imprisonment faced by Rodriquez was ten years on each of the two counts to which he pled guilty. Because Rodriquez had more than three prior violent felonies, however, 18 U.S.C.A. § 924(e) (West Supp. 1999) required the district court to impose a minimum prison term of fifteen years on the § 922(g)(1) charge. Accordingly, at sentencing, Rodriquez received a term of 210 months imprisonment on the first count and 120 months on the second count, to be served concurrently. See U.S. Sentencing Guidelines Manual § 4B1.4 (1998).

Rodriquez appeals, challenging the validity of his plea on the ground that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to inform him of the fifteen-year mandatory minimum sentence required by § 924(e). The Government concedes the Rule 11 violation. The parties disagree, however, as to the appropriate remedy. While Rodriquez requests that the case be remanded for resentencing in accordance with the plea agreement, the Government asserts that a remand is required so that Rodriquez may be afforded the opportunity to withdraw his plea and plead anew.

Because the armed career criminal enhancement of § 924(e) altered Rodriquez's statutory mandatory minimum sentence, he was entitled to notice of this fact during his plea colloquy. See United States v. Codia, 41 F.3d 1473, 1476 (11th Cir. 1995) (holding that the Rule 11 colloquy must notify the defendant of § 924(e)'s mandatory minimum); see also United States v. Goins, 51 F.3d 400, 402 (4th Cir.

2

1995) (holding that Rule 11(c)(1) requires the district court to advise a defendant of the statutorily mandated maximum and minimum penalties). The parties agree that Rodriquez was not informed of the possible application of § 924(e) in either his plea agreement or during the plea colloquy, and the record supports their position. While we are required to evaluate Rule 11 violations under the harmless error standard, see Goins, 51 F.3d at 402, we find that this Rule 11 violation was not harmless because Rodriquez's substantial rights were violated when he was not informed of the applicable mandatory minimum sentence. See id. at 405 (holding failure to inform defendant of mandatory minimum sentence to be reversible error). We also find that the Government has suggested the appropriate remedy. See United States v. Tunning, 69 F.3d 107, 115 (6th Cir. 1995) (stating that when Rule 11 error concerns the defendant's state of mind, the appropriate remedy is to vacate and remand so that defendant can plead anew); Goins, 51 F.3d at 405 (holding that when defendant is not informed about mandatory minimum sentence, the sentence must be vacated and the case remanded for repleading).

Accordingly, we vacate the district court's judgment and remand in order for Rodriquez to plead anew. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3