**UNITED STATES of America, Respondent–Appellee,**

v.

**Alexieus MONTGOMERY, Petitioner–Appellant.**

**No. 00–5107.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and NUGENT, District Judge.[*]

## *ORDER*

Alexieus Montgomery appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Montgomery pleaded guilty to carjacking in violation of 18 U.S.C. § 2119 (counts 1 and 3), carrying and using a firearm during and in relation to two crimes of violence in violation of 18 U.S.C. § 924(c) (counts 2 and 4), kidnaping in violation of 18 U.S.C. § 1201 (count 5), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (count 8). The court sentenced Montgomery to a total of 594 months of imprisonment and

[*] The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

four years of supervised release. Montgomery has filed a timely appeal.

On appeal, Montgomery's counsel has filed a motion to withdraw and a brief which minimally complies with the requirements set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel indicates that he has reviewed the entire record and proceedings, and he submits that there are no meritorious issues for review. Specifically, he maintains that the court properly sentenced Montgomery. He also moves for the appointment of counsel.

### I.

■ Upon review, we conclude that Montgomery has not raised any appealable issues concerning his sentence. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie,* 19 F.3d 1102, 1103 (6th Cir.1994).

Montgomery has not presented any issues which fit any of these criteria. We note that Montgomery withdrew his objection to the calculation of his offense level with respect to the value of the vehicle that he carjacked.

Nonetheless, a review of the record reflects that the district court properly sentenced Montgomery. Montgomery's total offense level was properly calculated at 31, as was his Criminal History Category Score of V. This resulted in a guideline imprisonment range of 168–210 months.

The district court sentenced Montgomery to 210 months of imprisonment for counts 1, 3, 5 and 8. This sentence was within the applicable guidelines range. In addition, pursuant to a recent amendment to 18 U.S.C. § 924(c), the district court properly sentenced Montgomery to a consecutive sentence of 84 months of imprisonment for his first § 924(c) offense (count 2) and a consecutive sentence of twenty-five years for his second § 924(c) offense (count 4). *See* 18 U.S.C. § 924(c)(1)(C)(i).

■ Finally, although not addressed by counsel, we conclude that Montgomery's sentences also do not violate the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which provides that a non-jury factual determination may not support a sentence beyond the statutory maximum penalty for the offense of conviction. Montgomery's sentence of 180 months (15 years) for carjacking was not above the prescribed statutory base maximum penalty of fifteen years, as provided in 18 U.S.C. § 2119(1). *Cf. Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (defendant was improperly sentenced beyond the base fifteen year maximum penalty prescribed for carjacking offenses when the sentencing judge determined that serious bodily injury had resulted from the offense). Montgomery's sentence of 210 months for kidnaping was not above the prescribed statutory base maximum penalty of life imprisonment, as provided in 18 U.S.C. § 1201(a). Montgomery's sentence of 120 months for being a felon in possession of a firearm was not above the prescribed statutory base maximum penalty of ten years, as provided in 18 U.S.C. § 924(a)(2). *See United States v. Mack,* 42 F.Supp.2d 523 (E.D.Pa.1999), *aff'd by, United States v. Mack,* 229 F.3d 226 (3rd Cir.2000). Montgomery's sentence of 84

months for brandishing a firearm (count 2) and his sentence of 300 months for brandishing a firearm (count 4) were not above the prescribed statutory base maximum penalty of life imprisonment for first and second offenses as provided by 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i). *See United States v. Pounds*, 230 F.3d 13172 (11th Cir.2000) (statutes which provide for increased mandatory *minimum* penalties based on the presence of certain facts define one crime with sentencing enhancements, rather than multiple distinct offenses); *United States v. Aguayo–Delgado*, 220 F.3d 926, 933–34 (8th Cir.2000) (*Apprendi* does not apply if non-jury finding only narrows the sentencing judge's discretion *below* the statutory maximum penalty). This is simply not a case where the district court determined any factor that produced a sentence beyond the base maximum penalty as contemplated by the offense of conviction. The district court properly sentenced Montgomery within the lowest range for each of his offenses.

## II.

■ In addition, we have reviewed the record and have discovered no error warranting reversal of Montgomery's conviction. Montgomery entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that the circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A review of the record reflects that, during Montgomery's plea hearing, the district court explained the rights that Montgom-

ery was waiving, determined that Montgomery understood the indictment to which he was pleading guilty, explained the potential penalty associated with the guilty plea, and determined that no threats had been made to compel Montgomery to plead guilty. In addition, Montgomery admitted his involvement in the charged offenses. Thus, Montgomery entered a valid guilty plea.

Accordingly, we deny the appointment of counsel, grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.