[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 04-13980**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00092-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODDRICK D. WILLIAMS,
a.k.a. Todd Deshauwn Williams,

Defendant-Appellant.

_____

**Appeal from the United States District Court
for the Middle District of Florida**

_____

**(November 30, 3005)**

**Before BIRCH and WILSON, Circuit Judges, and ROYAL[*], District Judge.**

**PER CURIAM:**

---

[*]Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

Toddrick D. Williams appeals his 188-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Williams entered into a written Plea Agreement in which he agreed to plead guilty to a single violation of § 922(g)(1) and the government agreed to dismiss two other charges and recommend a 3-level sentencing reduction for acceptance of responsibility and timely entry of a guilty plea. The Plea Agreement indicated that Williams was subject to a maximum prison sentence of 10 years and contained an appeal waiver, which a magistrate thoroughly explained during a Fed.R.Civ.P. 11 hearing.

After Williams entered his guilty plea, the probation officer discovered a past conviction which the government had overlooked and which triggered an "armed career offender" enhancement under 18 U.S.C. § 924(e). Because of this enhancement, Williams was subject to a statutory minimum sentence of 15 years imprisonment. At sentencing, the § 924(e) enhancement was brought to the district court's attention and the district court continued sentencing for approximately 2 weeks to allow Williams to decide whether to withdraw his guilty plea. Williams ultimately chose to stand by his guilty plea, and the district court conducted a supplemental plea colloquy during which Williams admitted to the predicate convictions which triggered the § 924(e) enhancement and the district

2

court explained the minimum and maximum penalties which § 924(e) carries. However, the district court did not mention the appeal waiver during the supplemental plea colloquy, nor did it indicate whether Williams could appeal a sentence which exceeded the 10-year maximum for an ordinary violation of § 922(g)(1). The district court ultimately sentenced Williams to 188 months imprisonment.

Williams raises three assignments of error on appeal. First, he argues that the district court erred by imposing a § 924(e) enhancement when the facts underlying this enhancement (his prior convictions) were not alleged in the indictment. Second, Williams argues for the first time on appeal that his due process rights were violated because he did not receive any notice of the possibility of the § 924(e) enhancement until he received the PSI. Third, Williams argues that, because he was told that he faced a maximum sentence of 10 years both when he signed the Plea Agreement and during the initial plea colloquy, the district court abused its discretion by denying his motion for a downward departure.

The government contends that the instant appeal is precluded by the appeal waiver in the Plea Agreement.

## I. The Appeal Waiver

Whether an appeal waiver is enforceable is a question of law that we review de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). Waivers of the right to appeal one's sentence are enforceable only if they are knowing and voluntary. Id. at 1350. "[I]n most circumstances, for a sentence appeal waiver to be knowing and voluntary, the district court must have specifically discussed the sentence appeal waiver with the defendant during the Rule 11 hearing." Id. at 1351. However, sentence appeal waivers are also enforceable when "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. Furthermore, we have "reject[ed] the view . . . that an examination of the text of the plea agreement is sufficient to find the waiver knowing and voluntary." Id. at 1352. When a sentence appeal waiver is not voluntary, we will disregard the waiver and proceed to the merits of the defendant's appeal. Id. at 1353. In addition, we have also expressly held that "the right to appeal a sentence based on Apprendi/Booker grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005).

In the instant case, the magistrate judge thoroughly examined Williams to ensure that his guilty plea was knowing and voluntary and also explained the terms of the sentence appeal waiver to Williams. However, because Williams was misinformed about the maximum sentence he faced during this hearing, he did not make the sort of "knowing" waiver of his appeal rights required by Bushert. While Williams chose to stand by his guilty plea even after he learned about the § 924(e) enhancement and the increased minimum and maximum sentences, the district court never mentioned the appeal waiver during the second plea colloquy. Thus, Williams was never advised on the record that he was waiving the right to appeal a sentence which exceeded the 10-year maximum permitted by § 924(a)(2) but was consistent with § 924(e). Accordingly, we conclude that the appeal waiver is ineffective and proceed to the merits of Williams's appeal.

## II. Sentence Enhancement Based upon Judicial Factual Findings

When the defendant objected below to enhancements to his sentence based upon judicial factual findings, these enhancements are reviewed de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

Defendants who violate § 922(g) are ordinarily subject to a maximum sentence of 10 years imprisonment. See 18 U.S.C. § 924(a)(2). However, when a defendant who violates § 922(g) has previously been convicted of three or more

offenses which are drug trafficking crimes or crimes of violence, the defendant is subject to a <u>minimum</u> prison sentence of 15 years and a <u>maximum</u> sentence of life. <u>See</u> 18 U.S.C. § 924(e). We have held that § 924(e) is merely a sentence enhancement provision, and does not create a separate offense. <u>United States v. Ruo</u>, 943 F.2d 1274, 1275 (11th Cir. 1991). In addition, § 924(e) applies automatically, whether or not the government seeks such an enhancement. <u>United States v. Cobia</u>, 41 F.3d 1473, 1475 (11th Cir. 1995). A series of recent Supreme Court decisions is relevant to the procedural requirements for imposing a § 924(e) enhancement.

In 1998, the Supreme Court held that, in order to seek an enhanced penalty based on an earlier conviction, the government need not charge the fact of the earlier conviction in the indictment or treat this fact as an element of a crime. <u>Almendarez-Torres v, United States</u>, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998). Subsequent caselaw has not repudiated this principle. In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), the Supreme Court explicitly exempted judicial findings regarding prior convictions from its declaration that a defendant's sentence may not be increased beyond the statutory maximum on the basis of judicial factual findings. <u>See</u> <u>also</u> <u>United States v. Guadamuz-Solis</u>, 232 F.3d 1363, 1363

(11th Cir. 2000) (stating, in light of <u>Apprendi</u>, that "<u>Almendarez-Torres</u> remains the law until the Supreme Court determines that <u>Almendarez-Torres</u> is not controlling precedent").

Nor did <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), vitiate <u>Almendarez-Torres</u>. In <u>Blakely</u>, the Supreme Court reviewed a sentence imposed under a state sentencing guidelines system and held that judicial factual findings do not permit a state court to impose a greater sentence than that justified by the facts reflected in the jury verdict and/or admitted by the defendant. <u>Blakely</u>, 542 U.S. at 303-04, 124 S.Ct. at 2537. However, the <u>Blakely</u> Court expressly indicated that it was applying the principle, first announced in <u>Apprendi</u>, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Blakely</u>, 542 U.S. at 301, 124 S.Ct. at 2536. Thus, like <u>Apprendi</u>, <u>Blakely</u> carved out an exception to its general rule for enhancements based upon judicial findings regarding prior convictions.

<u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), also reaffirmed the principle that prior convictions need not be alleged in an indictment or proven to a jury. <u>See</u> <u>Booker</u>, ___ U.S. ___, 125 S.Ct. at 756

7

(stating that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

Finally, in Shepard v. United States,___ U.S. ___, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court held that sentencing courts may not look beyond judicial records in determining whether a prior offense had aggravating characteristics that would result in an increased sentence. Id. at ___, 125 S.Ct. at 1263. However, the majority expressly indicated that a defendant's guilty plea may establish the fact – as opposed to the underlying circumstances – of a prior conviction. Id.

In the instant case, the only enhancement which had any effect upon Williams's sentence was the determination that he was a career offender within the meaning of § 924(e). However, the § 924(e) enhancement was constitutionally permissible for two reasons. First, under Almendarez-Torres, previous convictions that result in an enhanced sentence need not be charged in an indictment or proven beyond a reasonable doubt. See Almendarez-Torres, 523 U.S. at 226-27, 118 S.Ct. at 1222. Second, Williams admitted in open court that he had been convicted of the three offenses which triggered the § 924(e)

8

enhancement. Because an admission by a defendant is sufficient evidence to support a sentencing enhancement, the § 924(e) enhancement would be proper even if Almenarez-Torres did not apply. See Booker, ___ U.S. at ___, 125 S.Ct. at 756.

### III. Due Process Challenge

When a defendant raises a challenge to a plea colloquy that he did not raise in district court, plain error review applies. United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). To prevail under the plain error standard, the appellant must show "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

We have indicated that, before receiving an enhanced sentence under § 924(e), the defendant "must be notified of the mandatory minimum and maximum possible penalty as required by Fed.R.Crim.P. 11(c)(1)." United States v. Cobia, 41 F.3d 1473, 1476 (11th Cir. 1995). Furthermore, "due process requires reasonable notice of and opportunity to be heard concerning the prior convictions." Id. Nothing in Cobia indicates that the defendant must know the

maximum penalty he faces when he initially enters a guilty plea, or that providing such information during a supplemental plea colloquy is legally insufficient.

In the instant case, after it became apparent that Williams was subject to a § 924(e) enhancement, the district court continued sentencing for almost two weeks to allow Williams to decide whether to withdraw his guilty plea. When Williams indicated that he wished to stand by his guilty plea, the district court conducted a supplemental plea colloquy during which it apprised Williams of the minimum and maximum sentences permitted by § 924(e). The district court also enumerated the three predicate convictions that triggered the § 924(e) enhancement, and Williams expressly admitted to all of these convictions and said that he understood that a § 924(e) enhancement would apply. Thus, because the supplemental plea colloquy complied with the requirements we articulated in Cobia, no due process violation occurred.

## IV. Refusal to Grant a Downward Departure

"A district court's refusal to depart downward from the sentencing guideline range is not reviewable on appeal, unless the district court denied the departure because it erroneously believed that it had no authority to depart downward." United States v. Liss, 265 F.3d 1220, 1231 (11th Cir. 2001).

In the instant case, there is no indication that the district court erroneously believed that it lacked the authority to depart downward. Accordingly, we decline to review the district court's refusal to grant Williams a downward departure.

Having reviewed the parties' briefs and the district court record and found no error, we affirm.

**AFFIRMED.**