[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12886
Non-Argument Calendar
_____

D. C. Docket No. 01-01047-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONIQUE ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 27, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Monique Roberts appeals the 12-month term of supervised release following

her 20-month prison term that was imposed upon revocation of her prior

supervised release. She argues that an additional term of supervised release under

the applicable version of the supervised release statute, 18 U.S.C. § 3583(h), is impermissible because she has already served the statutory maximum allowed under 18 U.S.C. § 3583(e)(3). We agree, reversing the sentence imposed by the district court and remanding.

## I.

Following an entry of plea of guilty to importing cocaine into the United States on or about November 7, 2001, in violation of 21 U.S.C. § 952(a), the district court sentenced Roberts to thirty-seven months' imprisonment, to be followed by two years of supervised release.  After being released from custody, Roberts violated the terms of her supervised release and was ultimately rearrested on December 30, 2004.

A revocation hearing was held on January 25, 2005, which resulted in the revocation of Roberts's term of supervised release, and a custodial sentence of "time served," without specifying how much time this involved.  The district court also imposed another term of supervised release of three years ("Roberts I").

After being released from custody, Roberts again violated the terms of her supervised release. The district court entered another order on November 21, 2005 revoking Roberts's new three-year term of supervised release, sentencing her to

three months in prison,[1] and imposing another term of supervised release of twenty-four months ("Roberts II").

After being released from imprisonment, Roberts again violated the terms of her supervised release. At the revocation hearing, both parties requested a sentence of twenty months' imprisonment. The district court imposed a sentence of twenty months' imprisonment, to be followed by twelve months of supervised release. Defense counsel objected, arguing that the district court could not impose an additional term of supervised release, because Roberts's aggregate terms of imprisonment after the revocations of her supervised release terms already met the statutory maximum term of incarceration prescribed by 18 U.S.C. § 3583. The district court overruled the objection and sentenced Roberts to twenty months' imprisonment, to be followed by twelve months of supervised release. Roberts now appeals.

## II.

We review the legality of a sentence and issues of statutory construction de novo. United States v. Pla, 345 F.3d 1312, 1313 (11th Cir. 2003); United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995).

---

[1] Although the record is not clear on this issue, both parties agreed at sentencing, and on appeal, that Roberts served four months' imprisonment.

The version of 18 U.S.C. § 3583(e)(3) in effect at the time of the offense,[2] provided that a court may not require a defendant whose supervised release term was revoked to serve more than two years in prison if the offense was a class C felony.[3] 18 U.S.C. § 3583(e)(3) (October 26, 2001 to November 1, 2002) (amended 2003). Further, the two-year maximum term of imprisonment prescribed by § 3583(e)(3) is to apply in the aggregate. Williams, 425 F.3d at 989.

With reference to supervised release, the following version of 18 U.S.C. § 3583(h) was in effect at the time the underlying offense was committed:

> When a term of supervised release is revoked <u>and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3)</u>, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.

18 U.S.C. § 3583(h) (1995) (amended 2003) (emphasis added).

We must determine whether this version of 18 U.S.C. § 3583(h) authorizes a

---

[2] Because there is no congressional intent indicating otherwise, the supervised release statute— [18 U.S.C. § 3583]—in effect on November 7, 2001, when the underlying offense of Count One of the indictment was committed, governs the penalties that may be imposed on Roberts. Johnson v. United States, 529 U.S. 694, 701-02 (2000) ("[P]ostrevocation penalties relate to the original offense." ). United States v. Williams, 425 F.3d 987, 988 n.1 (11th Cir. 2005).

[3] Section 952(a) of Title 21 of the United States Code, the offense for which Roberts was convicted, was a class C felony at the time of Roberts's conviction. See 18 U.S.C. § 3559(a)(3) (Nov. 13, 1998 - April 29, 2003 version) (discussing that a class C felony is one that has a maximum term of imprisonment of more than ten years, but less than twenty-five years); 21 U.S.C. § 960(b)(3) (February 18, 2000 - November 1, 2002 version) (noting that the maximum term of imprisonment for violating 21 U.S.C. § 952(a) was 20 years' imprisonment).

court to impose an additional term of supervised release when the defendant, as here, has served the maximum term of imprisonment. "[T]he first canon of statutory construction" is "that courts give effect to the plain and unambiguous language of a statute." Owens v. Samkle Auto. Inc., 425 F.3d 1318, 1321 (11th Cir. 2005). "As in any case of statutory construction, our analysis begins with the language of the statute. And where the statutory language provides a clear answer, it ends there as well." Id. (quotation marks and citations omitted).

The statute permits a court to impose an additional term of supervised release only "when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3)." 18 U.S.C. § 3583(h) (emphasis added). The use of the word "and" in this statutory context is unambiguous. Am. Bankers Ins. Group v. United States, 408 F.3d 1328, 1332 (11th Cir. 2005) ("[U]nless the context dictates otherwise, the word 'and' is presumed to be used in its ordinary sense, that is, conjunctively."). Thus, according to a plain reading of this statute, two independent prongs must be satisfied before an additional supervised release term may be imposed under this section. First, the prior term of supervised release must be revoked. Second, the defendant must not have served a term of imprisonment equal to or greater than the maximum term of imprisonment

5

authorized under § 3583(e)(3). See also United States v. Merced, 263 F.3d 34, 37 (2nd Cir. 2001) (persuasive authority); United States v. Brings Plenty, 188 F.3d 1051, 1053 (8th Cir. 1999) (persuasive authority); United States v. Beals, 87 F.3d 854, 857-58 (7th Cir. 1996) (persuasive authority), overruled on other grounds by United States v. Withers, 128 F.3d 1167, 1172 (7th Cir. 1997).

In this case, while the first requirement was satisfied, the second requirement was not. Roberts will have served an aggregate of at least twenty-four months (or 2 years) of post-revocation custody in prison, the maximum term of incarceration prescribed by § 3583(e)(3) for a class C felony, at the time of the commencement of the present supervised release term.

Because Roberts will have served the statutory maximum term of imprisonment authorized by § 3583(e)(3) once she completes the current twenty month prison sentence, the plain language of 18 U.S.C. § 3583(h) prohibited the district court from imposing the present term of supervised release. Therefore, we conclude that the district court's latest imposition of supervised release constituted reversible error, and its order to this effect is vacated.

**REVERSED AND REMANDED.**