UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronald Dale McGATHA,
Defendant–Appellant.

No. 88–7771.

United States Court of Appeals,
Eleventh Circuit.

Jan. 16, 1990.

Ralph L. Brooks, Anniston, Ala., for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Anthony Joseph, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, CLARK, Circuit Judge and SMITH *, Senior Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge:

Appellant, Ronald Dale McGatha, appeals from a United States District Court judgment which imposed a sentence of 15 years imprisonment pursuant to 18 U.S.C. § 924(e)(1), following a plea of guilty on a charge of possession of firearms by a felon under 18 U.S.C. § 922(g)(1). The judgment of the District Court, based on its conclusion that 18 U.S.C. § 924(e)(1) is a sentence enhancement statute, is *affirmed.*

### Issues

The principal question presented is one of first impression in this circuit: Whether 18 U.S.C. § 924(e)(1) creates a new federal offense or whether it merely enhances the penalty for a pre-existing federal offense, 18 U.S.C. § 922(g).

If the District Court erred in ruling that enhancement does apply, issues arise whether appellee had the burden of proving beyond a reasonable doubt the commission by appellant of three prior violent felonies, whether appellee carried that burden, and, in any event, whether the Trial Court violated appellant's constitutional rights by increasing the level of punishment beyond

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

the level permitted for the offense charged in the indictment.

### Background

The facts material to this appeal are as follows: On September 30, 1988, the Grand Jury for the Northern District of Alabama charged Ronald Dale McGatha in a two count indictment. Both counts one and two charged appellant, a previously convicted felon, with possession of a firearm in violation of Title 18, United States Code.[1]

On November 20, 1988, the United States filed written notice with the District Court for the Northern District of Alabama of the government's intention to seek enhanced sentencing pursuant to 18 U.S.C. § 924(e)(1). The pretrial notice listed in detail appellant's five previous felony convictions deemed to justify the requested penalty enhancement.[2]

Appellant and his counsel appeared before District Court Judge J. Foy Guin, Jr., on December 1, 1988, and pleaded guilty to count two of the indictment.[3] The United States then moved to dismiss count one and other pending actions against appellant under the terms of a previously established plea agreement. Judge Guin accepted the plea and set a sentencing hearing date for argument on the issue of enhanced punishment.

At that argument, appellant asserted that the enhanced penalty of 18 U.S.C. § 924(e)(1) created a new, separate offense which must be alleged in the indictment and proved at trial beyond a reasonable doubt. The United States countered that § 924(e)(1) is merely a sentence enhancement provision; evidence of additional convictions relates only to sentencing and would be highly prejudicial if presented for jury consideration. After argument, the United States presented certified copies of appellant's prior felony convictions for the court's consideration in determining an enhanced sentence under § 924(e)(1). Judge Guin adopted the Seventh Circuit's reasoning in *United States v. Pirovolos*,[4] in which it was held that the statute was a sentence enhancement provision, and sentenced appellant to the statutory minimum 15 years imprisonment.

### New Offense Or Mere Enhancement Of Penalty?

Ronald McGatha was indicted under 18 U.S.C. § 922(g)[5] for the possession of firearms by a convicted felon. The penalty for violation of § 922(g) is a fine of not more than $5000, or imprisonment for not more than five years, or both.[6] Section 924(e)(1), however, establishes a fine of not more than $25,000 and a minimum sentence of 15 years without parole for those who

---

**1.** §§ 922(g)(1) and 924.

**2.** This court need not reach the issue whether such notice is constitutionally required. However, it should be noted that defendant received proper notice and was not prejudiced by the government's use of the enhanced sentencing procedure. *United States v. Brewer,* 853 F.2d 1319, 1321 (6th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989). *See also United States v. Hawkins,* 811 F.2d 210, 220 (3rd Cir,), *cert. denied,* 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987).

**3.** That portion of the indictment read as follows: *COUNT TWO:* (18 U.S.C. § 922(g)(1); 18 U.S.C. § 924) The Grand Jury charges: On or about February 25, 1988, within the Northern District of Alabama, the defendant, having been convicted on October 4, 1979, in the Circuit Court of Calhoun County, Alabama, for possession of a pistol after conviction of a crime of violence, to-wit: robbery, a crime punishable by impris-

onment for a term exceeding one year, did knowingly possess firearms, that is, a Winchester .22 caliber rifle and a Marlin .30–30 caliber rifle, which had been transported in interstate commerce, in violation of Title 18, United States Code § 922(g)(1); Title 18, United States Code, § 924.

**4.** 844 F.2d 415 (7th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988).

**5.** 18 U.S.C. § 922(g) (West Supp.1989) provides in pertinent part: "It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

**6.** 18 U.S.C. § 924(a)(1).

violate § 922(g) *and* have three previous felony convictions.[7]

Appellant requests that his sentence be vacated and the case be remanded for re-sentencing within the permissible range for the offense for which he pleaded guilty, violation of § 922(g). Appellant urges two grounds for remand and resentencing:

First, appellant argues that § 924(e)(1) establishes an independent federal offense, an element of which is three previous felony convictions. The authorities relied upon for this proposition are *United States v. Davis*[8] and *United States v. Brewer.*[9]

Second, appellant reasons that the new crime embodied in these previous felony convictions has the effect of imposing greater or additional punishment beyond the minimum permitted for the crime charged in the indictment (violation of § 922(g)), so § 924(e)(1) must be considered a separate offense under the Supreme Court's reasoning in *McMillan v. Pennsylvania.*[10] Since this separate offense was not set forth in the indictment, it follows under the appellant's argument that the district court judge's application of § 924(e)(1) as a sentence enhancement provision violates the due process clause of the Constitution.[11] Under the rationale of *McMillan,* appellant questions the district court judge's authority constitutionally to increase the level of punishment beyond the level permitted for the crime charged in

the indictment and proved at the liability phase of the trial.[12]

If the statute constitutes a separate offense and this offense has not been set forth in the indictment, appellant's due process rights have been violated.[13] In addition, if the statute creates a separate federal offense, the government carries the burden of proving each element of the offense.[14] Failure to comply with these traditional principles of notice and proof of crimes would preclude the use of § 924(e)(1) to impose enhanced penalties at the sentencing hearing.[15]

At oral argument, the United States stated that its position is in fact that § 924(e) is a sentence enhancement provision rather than a substantive offense, so the prior convictions need not be formally set forth in the indictment. While the prior convictions were not mentioned in the indictment, the appearance of § 924 along with § 922(g) in the indictment gives the impression that it is indeed an additional substantive offense under which the defendant is charged. This apparently contradictory practice may be attributable to conflicting opinions rendered by the circuits concerning the substantive nature of the statutory forerunner of § 924(e), the Armed Career Criminal Act of 1984 (ACCA), originally codified at 18 U.S.C.App. § 1202(a). To eliminate further confusion and determine

---

**7.** 18 U.S.C. § 924(e)(1) (West Supp.1989) reads in pertinent part: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection."

**8.** 801 F.2d 754 (5th Cir.1986).

**9.** 841 F.2d 667 (6th Cir.1988), *vacated and set aside after rehearing,* 853 F.2d 1319 (6th Cir. 1988) *cert. denied,* — U.S. ——, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989).

**10.** 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

**11.** *United States v. Hawkins,* 811 F.2d 210, 223 (3rd Cir.), *cert. denied,* 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987) (Rosenn, J., concurring in part and dissenting in part); *United States v. Rush,* 840 F.2d 574, 580 (8th Cir.) (en banc), *cert. denied, sub nom., Cloyd v. United States,* — U.S. ——, 108 S.Ct. 2910, 101 L.Ed.2d 942 (1988) (Gibson, J., dissenting).

**12.** *United States v. Brewer,* 841 F.2d at 668.

**13.** *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

**14.** *Id.* 397 U.S. at 361–62, 90 S.Ct. at 1070–72.

**15.** *United States v. Brewer,* 853 F.2d 1319, 1327–28 (6th Cir.1988) (Merritt, J., dissenting).

the reach of this criminal statute, the language, structure, and legislative history of § 924 and its predecessor § 1202(a) must be briefly examined to determine the Congressional intent that accompanied their enactment.[16]

*Pertinence of Armed Career Criminal Act of 1984 Legislative History*

Much of the conflict over the nature of the Armed Career Criminal Act of 1984 (ACCA),[17] arose prior to the Congressional repeal and reenactment of its provisions in §§ 922(g) and 924(e)(1) of the United States Code.[18] The original House and Senate legislation in fact proposed enactment of a provision creating a new federal crime of carrying a firearm where a defendant has two prior Federal or State felony convictions for robbery or burglary.[19]

The initial ACCA legislation was later abandoned and the proposed new federal offense rejected. Although Congress recognized a need to increase the participation of the Federal law enforcement system in efforts to curb the unlawful activities of career criminals, serious federalism concerns arose as to the appropriateness of prosecuting local burglaries and robberies under a Federal statute.[20] A substitute bill, H.R. 6248, was introduced to accomplish the same penal goals without expanding the federal criminal law into existing state criminal law. The motivation for the substitution of H.R. 6248 and the approach taken by the bill were explained in the accompanying House Report: "Under this approach, if the local authorities arrest a three time loser in possession of a gun ... and can convince the U.S. Attorney that circumstances warrant prosecution *under the enhanced penalty provisions of this bill,* the mandatory 15 year sentence is available. In this manner, H.R. 6248 will be giving law enforcement officials another option in dealing with career criminals ...".[21]

Unfortunately, the House Report was not entirely without ambiguity. The Sectional Analysis noted: "§ 2 amends 18 U.S.C. App. § 1202(a) by adding a *new offense* ...".[22] The dissenting judges in *Hawkins* and *Brewer* seized upon this statement as support for their view that the ACCA creates a new federal crime. This position overlooks the federalism concerns expressed by the sponsoring legislators and cannot offset the numerous direct references to penalty enhancement in the House Report. Such an expansive reading of a single paragraph in the House Report is insufficient to support the view that the ACCA creates a separate federal offense.[23]

Any lingering doubts as to the congressional intention concerning the 1984 substi-

**16.** *Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

**17.** Title 18 U.S.C.App. § 1202(a) (West Supp. 1984) provided: "Any person who—(1) has been convicted by a court of the United States or a State or any political subdivision thereof of a felony, or ... and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both. In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection."

**18.** Firearms Owners' Protection Act of 1986, Pub.L. No. 99–308, 100 Stat. 456 (1986). *See also* H.R.Rep. No. 99–495, *reprinted in* 1986 U.S. Code Cong. & Admin News 1327, 1349–52.

**19.** H.R.Rep. No. 1073, 98th Cong., 2d Sess. at 4 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3182, 3664. (hereinafter House Report).

**20.** House Report at 4, 1984 U.S. Code Cong. & Admin. News at 3664.

**21.** House Report at 5, 1984 U.S. Code Cong. & Admin. News at 3665 (emphasis added).

**22.** House Report at 6, 1984 U.S. Code Cong. & Admin. News at 3666 (emphasis added).

**23.** *United States v. Lowe,* 860 F.2d 1370, 1381 (7th Cir.1988) *cert. denied,* —— U.S. ——, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989).

tute legislation were dispelled by expressions from the political leadership in both the House and Senate. Representative Hughes, the principal sponsor of the 1984 substitute legislation, stated: "This bill would *enhance the sanctions of 18 U.S.C. Section 1202(a)* with a 15 year maximum sentence if the defendant has been convicted three times of felonies for robbery or burglary."[24] During the Senate debates, principal sponsor Senator Specter echoed the sentiments of the House leadership: "This bill would create no new federal crime. Under present section 1202(a), possession of a firearm by a convicted felon is already a federal crime, with a maximum prison sentence of two years. This title would simply provide for a *stiffer sentence* for career criminals."[25]

It appears clear that in enacting the ACCA Congress did not intend to create a new federal crime to be separately charged and proved at trial, but rather to enact a statute that would delegate sentencing authority to a trial judge to enhance the sentence of a recidivist offender.[26] We accordingly join the well-reasoned dispositions of the other circuits in their conclusions that the ACCA is a sentence enhancement statute.[27]

The Fifth Circuit ruling in *United States v. Davis*[28] is the single decision that interprets the ACCA as creating a new federal offense rather than simply enhancing the

penalty applicable to recidivists. *Davis* noted that the language and structure of the provision "... lacked the common indicia of sentence enhancement provisions." *Davis*, 801 F.2d at 756. The court enumerated several factors as persuasive in determining that § 1202(a) was not a sentence enhancement provision: the Act did not predicate punishment upon conviction under another section nor did it refer to conviction under another section; the penalty was not derived as a multiplier of another sentence; and the Act was not titled as a sentencing provision.[29]

As noted above, § 1202(a) was repealed effective November 15, 1986, and re-enacted as two separate provisions: 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The changes effected by the 1986 recodification alleviate the concerns expressed in *Davis* and clearly identify § 924(e)(1) as the sentence enhancement portion of the provision.[30] The first half of § 1202(a), which makes it unlawful for convicted felons to ship, transport, or possess a firearm, was placed under the Unlawful Acts subtitle of § 922(g)(1). The second half of § 1202(a), the mandatory sentencing provisions applicable to recidivists, was moved to the Penalties subtitle of § 924.[31] Sentencing under § 924(e) is conditioned upon a violation of § 922(g). In fact, the provision specifically refers to the conviction under

---

**24.** 130 Cong.Rec.H 10550 (daily ed. Oct. 1, 1984) (statement of Rep. Hughes) (emphasis added).

**25.** 130 Cong.Rec.S. 13080 (daily ed. Oct. 4, 1984) (statement of Senator Specter) (emphasis added).

**26.** *United States v. Brewer,* 853 F.2d 1319, 1323 (6th Cir.1988).

**27.** *United States v. Rumney,* 867 F.2d 714, 717–19 (1st Cir.1989), the Third Circuit in *United States v. Hawkins,* 811 F.2d 210 (3rd Cir.), *cert. denied,* 484 U.S. 833, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); the Fourth Circuit in *United States v. Blannon,* 836 F.2d 843 (4th Cir.), *cert. denied,* 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); the Sixth Circuit in *United States v. Brewer,* 853 F.2d 1319 (6th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1142, 103 L.Ed.2d 202 (1989); the Seventh Circuit in *United States v. Lowe,* 860 F.2d 1370 (7th Cir.1988) *cert. denied,* — U.S. —, 109 S.Ct. 1639, 104 L.Ed.2d

155 (1989); the Eighth Circuit in *United States v. Rush,* 840 F.2d 574 (8th Cir.1988) (en banc); the Ninth Circuit in *United States v. West,* 826 F.2d 909 (9th Cir.1987); the Tenth Circuit in *United States v. Gregg,* 803 F.2d 568 (10th Cir. 1986), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); and the D.C. Circuit in *United States v. Jackson,* 824 F.2d 21, *cert. denied,* 484 U.S. 1013, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988).

**28.** 801 F.2d 754 (5th Cir.1986).

**29.** *United States v. Affleck,* 861 F.2d 97, 98 (5th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1325, 103 L.Ed.2d 593 (1989), (*citing Davis,* 801 F.2d at 755–56).

**30.** *Affleck,* 861 F.2d at 99.

**31.** *United States v. Dickerson,* 857 F.2d 414, 417 (7th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1753, 104 L.Ed.2d 189 (1989).

§ 922(g) and differentiates between such a conviction and the sentence under § 924(e)(1).[32] All prescribed conduct is described in § 922, while § 924 describes the punishment for those repeat offenders who violate § 922. As revised, the statutory scheme clearly makes possession of weapons by all convicted felons a single offense, with additional convictions relevant only for sentencing.[33] We conclude that § 924(e), as amended, is intended only to provide enhanced punishment for those persons convicted under § 922(g) who also have three previous felony convictions. It was unnecessary for the jury to consider the defendant's prior convictions, for these convictions were not an element of the offense for which he was indicted and to which he entered his plea of guilty.[34]

### Opposite Views

Finally, we must consider the views expressed by the dissenting judges in *Hawkins*[35] and *Brewer*:[36] since the mandatory sentencing structure of § 924(e) imposes an increased punishment beyond the minimum set by the legislature for the other elements of the offense set forth in § 922(g), the provision must be considered a separate offense under the Supreme Court's reasoning in *McMillan v. Pennsylvania*.[37]

In *McMillan*, the Supreme Court was called upon to assess the constitutionality of Pennsylvania's Mandatory Minimum Sentencing Act. The Act requires imposition of a mandatory minimum sentence of five years imprisonment for anyone convicted of certain enumerated felonies if the sentencing judge finds that the defendant "visibly possessed a firearm" during the commission of the offense. The Act further provides that such factual finding is not to be considered an element of the crime charged, but is merely a factor to be applied at sentencing.[38] Petitioner McMillan argued that, despite the language set forth in the statute, possession of a firearm was an element of the crime charged and as such must be proved by the prosecution beyond a reasonable doubt as determined by the jury under the rationale of *In re Winship*[39] and *Mullaney v. Wilbur*.[40] A majority of the Court concluded that the visible possession finding was a sentencing factor governed by *Patterson v. New York*:[41] "Petitioners' claim that visible possession under the Pennsylvania statute is "really" an element of the offenses for which they are being punished—that Pennsylvania has in effect defined a new set of upgraded felonies—*would have at least more superficial appeal if a finding of visible possession exposed them to greater or additional punishment,* ... but it does not."[42]

The dissenting judges in *Hawkins* and *Brewer* interpreted the Court's "greater or additional punishment" phrase to require proof beyond a reasonable doubt of any fact that increases the level of punishment beyond the minimum set by the legislature for the underlying offense.[43] Therefore, they contend, it follows from this reasoning that § 924(e) establishes a separate offense because the sentence imposed exceeds the maximum sentence permitted for the crime charged in the indictment.[44] "This is a

---

**32.** *Id.*

**33.** *United States v. Pirovolos,* 844 F.2d 415, 420 (7th Cir.1988).

**34.** *Affleck,* 861 F.2d at 99.

**35.** 811 F.2d at 223–25.

**36.** 853 F.2d at 1327–29.

**37.** 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

**38.** 42 Pa.Cons.Stat. § 9712(b), (c).

**39.** 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

**40.** 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

**41.** 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

**42.** *McMillan,* 477 U.S. at 88, 106 S.Ct. at 2417 (emphasis added).

**43.** *Brewer,* 853 F.2d at 1328–29 (Merritt, J., dissenting).

**44.** *Id.*

prime example of a "tail which wags the dog" of the substantive offense, ...".[45]

A less selective reading of *McMillan* reveals that the Court's "greater or additional punishment" analysis was not intended to be the sole test for measuring whether a sentencing factor becomes an element of the offense.[46] The Court first noted that the Pennsylvania Act neither created an impermissible presumption nor relieved the prosecution of its burden of proving guilt beyond a reasonable doubt. The sentencing provision did not enhance the maximum penalty or create an additional penalty for the offense charged, but only limited the trial court's discretion in sentencing a defendant already convicted of an enumerated crime.[47] "The Pennsylvania Legislature did not change the definition of any existing offense. It simply took one factor that has always been considered by sentencing courts to bear on punishment ... and dictated the precise weight to be given that factor ... Pennsylvania's decision to do so has not transformed against its will a sentencing factor into an "element" of some hypothetical "offense"." [48]

The statutory sentencing scheme set forth in § 924(e)(1) merely links the severity of the defendant's punishment for a violation of the predicate possession offense § 922(g) to the number of previous felony convictions. Section 924(e)(1) in no way relieves the prosecution of its burden of proving all the elements of the firearm possession offense under § 922(g) beyond a reasonable doubt.[49]

The mandatory sentencing provisions of § 924(e), applicable only after the defendant has been convicted of one of the predicate offenses described in § 922(g), closely resemble a recidivist provision.[50] As with the typical recidivist provision, the sentencing factors are not submitted for jury consideration since no additional fact finding is necessary—the defendant has received the totality of constitutional protections due in the prior proceeding on the predicate offense. Prior convictions are highly verifiable matters of public record which may subject the defendant to undue prejudice if revealed to the jury at trial. As the Fifth Circuit noted in *Buckley v. Butler:* [51] "Such statutes are, and have historically been, generally recognized as sentencing statutes, not as separate offense statutes. They plainly involve no legislative attempt to evade constitutional rights. Moreover, they have no relation to the circumstances of the wrongdoing constituting the most recent offense, but rather to something which is wholly unrelated thereto. Further, they do not relate to determining what the accused has done, but what the state has previously determined that he has done. And that previous determination must have been a formal, judicial determination of guilt; and hence one as to which the full measure of constitutional protections was available. The scheme of the statutes therefore cannot be properly understood as intended or calculated to infringe on the right attending determination of whether the accused has engaged in criminal conduct."

■■■ The government's interpretation of the interrelationship between §§ 922(g) and 924(e)(1) satisfies both statutory and constitutional safeguards. In recodifying the ACCA into these separate provisions, Congress has expressed a clear intent to enhance the sentences of repeat offenders. While the Due Process Clause indeed requires proof beyond a reasonable doubt of every fact necessary to constitute the

---

**45.** *Hawkins,* 811 F.2d at 223 (Rosenn, J., concurring in part and dissenting in part).

**46.** *United States v. Lowe,* 860 F.2d at 1379; *Field v. Sheriff of Wake County North Carolina,* 831 F.2d 530, 535 (4th Cir.1987).

**47.** *Field,* 831 F.2d at 535.

**48.** *McMillan,* 477 U.S. at 89–90, 106 S.Ct. at 2417–18.

**49.** *United States v. Lowe,* 860 F.2d at 1377–79.

**50.** *Lowe* at 1377, *United States v. Dickerson,* 857 F.2d at 416.

**51.** 825 F.2d 895, 903 (5th Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1738, 100 L.Ed.2d 201 (1988).

crime,[52] in sentencing those already constitutionally convicted the courts have traditionally operated without constitutionally imposed burdens of proof.[53] *McMillan* noted specifically that traditional sentencing factors need not be pleaded and proved at trial.[54] The rationale of *McMillan* suggests that sentence enhancers like § 924(e)(1) do not run afoul of the Due Process Clause.

### Conclusion

Because § 924(e)(1) does not create a separate offense but is merely a sentence enhancement provision, the previous felony convictions necessary for sentencing under § 924(e)(1) are not an element of the offense for which appellant was tried. Therefore, prior convictions need not be set forth in the indictment and proved beyond a reasonable doubt at the trial in chief, but are relevant only for recidivist sentencing. Accordingly, the judgment of the District Court is *AFFIRMED*.

---

**52.** *In re Winship*, 397 U.S. at 364, 90 S.Ct. at 1072–73.

**53.** *Affleck*, 861 F.2d at 99; *McMillan*, 477 U.S. at 92 n. 8, 106 S.Ct. at 2419 n. 8.

**54.** 477 U.S. at 89–90, 106 S.Ct. at 2417–18.