[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10500
Non-Argument Calendar

_____

D. C. Docket No. 05-00045-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD RAY HORNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 22, 2006)**

Before ANDERSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Donald Ray Horne appeals his conviction and 15-year sentence for possession of ammunition by a convicted felon, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Horne challenges the constitutionality of § 922(g) and argues that the district court erred by applying the 15-year mandatory minimum sentence under § 924(e).  For the reasons set forth more fully below, we affirm.

Horne, a convicted felon, was found in possession to two live shotgun shells. He pled guilty to possession of ammunition by a convicted felon and, at sentencing, made no objection to the probation officer's determination that, because he was subject to a mandatory 15-year minimum term of imprisonment pursuant to 18 U.S.C. § 924(e), his applicable Guideline range was 180-210 months' imprisonment.   Horne was sentenced to the mandatory minimum term of 15 years' imprisonment.

For the first time on appeal, Horne, stating that he raises the issue only for purposes of preservation, argues that 18 U.S.C. § 922(g)[1] is unconstitutional on its face because it does not explicitly require a substantial effect on interstate commerce and is unconstitutional as applied because there was no such evidence in this case.  As Horne correctly recognizes, we have previously rejected this

---

[1] This section makes it unlawful for certain individuals to "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(g).

challenge and held that a "minimal nexus" to interstate commerce is sufficient.

United States v. Scott, 263 F.3d 1270, 1273-74 (11th Cir. 2001).

Horne next argues that the indictment suffered from a jurisdictional defect, resulting in the erroneous application of the 15-year mandatory minimum sentence under § 924(e).[2] The premise of Horne's argument is that, by specifying 12 prior convictions in the indictment, the 3 predicate convictions needed to trigger § 924(e) could only come from those 12 convictions. Horne concedes that two of those convictions meet the criteria in § 924(e). However, he argues that the remaining ten prior felonies, on their face, did not meet the § 924(e) criteria. As a result, he contends, there was a jurisdictional error because the three required qualifying convictions were not present on the face of the indictment. He further argues that the district court erred by failing to determine whether the Florida burglary convictions alleged in the indictment qualified as predicate convictions based on the conduct surrounding those convictions.

We review de novo whether an indictment sufficiently charges a statutorily

---

[2] This section provides in pertinent part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

proscribed offense.  United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001).

Because Horne raised this argument for the first time on appeal, "the indictment

must be held sufficient unless it is so defective that it does not, by any reasonable

construction, charge the offense to which [the defendant] pleaded guilty."  Id. at

943.  An indictment suffers from a jurisdictional defect when it charges no crime at

all, i.e., a non-offense.  See United States v. Peter, 310 F.3d 709, 714-15 (11th Cir.

2002).  A defendant's knowing and voluntary plea of guilty, however, waives all

non-jurisdictional defects in the proceedings.  United States v. Yunis, 723 F.2d

795, 796 (11th Cir. 1984).

Horne does not dispute that he was a felon in possession of ammunition, in

violation of 18 U.S.C. § 922(g)(1).  His challenge to § 924(e) fails because

§ 924(e) is a sentence enhancement provision, not a separate offense.  United

States v. McGatha, 891 F.2d 1520, 1527 (11th Cir.  1990).  Accordingly, the prior

convictions need not be alleged in the indictment and are relevant only for

sentencing.  Id.  Any defect in the manner in which the indictment charged a

violation of § 924(e), therefore, is of no relevance to whether the indictment failed

to charge the offense to which Horne pled guilty.  Horne cannot challenge his

conviction on the ground there was an insufficient factual basis to support the

application of § 924(e), as a claim that "there was an insufficient factual basis to

4

support the indictment" is a non-jurisdictional defect. United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986).

To the extent that Horne challenges the application of § 924(e) to his sentence, because it is raised for the first time on appeal, we review his claim "for plain error, or error that is clear or obvious and affects substantial rights." United States v. Richardson, 166 F.3d 1360, 1361 (11th Cir. 1999). We have repeatedly rejected the argument that prior convictions must be charged in the indictment for a defendant to be sentenced as an armed career criminal. E.g., United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006); United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006), pet. for cert. filed (Aug. 24, 2006) (No. 06-6164). Furthermore, sentencing under § 924(e) is mandatory and must be applied automatically regardless of whether the government affirmatively seeks the enhancement. United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995). Accordingly, any error by the district court in relying on convictions other than those charged in the indictment cannot be said to be clear or obvious.[3]

---

[3] Horne asks us to remand the case to allow the district court to make a specific finding as to Horne's third qualifying offense, if any. The parties characterize this issue as a question of whether or not we should affirm on alternate grounds. Because Horne has not otherwise shown error by the district court, there is no need to affirm on alternate grounds. In any event, we would not remand for a finding as to whether Horne's March 19, 2004 conviction for the sale or delivery of cocaine is a qualifying "serious drug offense" under § 924(e). Under Florida law, the sale or delivery of cocaine is a second degree felony, punishable by a maximum term of 15 years' imprisonment, Fla. Stat. § 893.13(1)(a)(1) (referencing §§ 775.082(3)(c), 893.03(2)(a)(4)), and, therefore, it is a qualifying offense. 18 U.S.C. § 924(e)(2)(A)(ii).

5

In light of the foregoing, Horne's conviction and sentence are

**AFFIRMED.**