[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12333
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00368-SDM-TBS


ALPHONSO JAMES, SR.,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 27, 2013)

Before: TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In 1995, a jury found Alphonso James, Sr., guilty of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, based on James's prior felony convictions, the District Court applied an Armed Career Criminal Act (ACCA) enhancement and sentenced him to prison for a term of 262 months.  After his conviction and sentence were affirmed on appeal, James mounted several collateral attacks on his conviction; none were successful.

On August 6, 2010, James petitioned the District Court for habeas corpus relief pursuant to 28 U.S.C. § 2241, contending that his sentence is invalid because the court erroneously imposed the ACCA sentencing enhancement; as a result, he received a sentence in excess of the statutory maximum sentence for a § 922(g)(1) offense.  The court denied his petition, and he appeals.  We affirm.

We review *de novo* the availability of § 2241 habeas relief and may affirm for any reason supported by the record.  *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir. 2013).  A collateral attack of a federal sentence must generally be brought under 28 U.S.C. § 2255.  However, second and successive motions under § 2255 are barred except in certain circumstances not available here.  *Id.*; *see* 28 U.S.C. § 2255(h) (requiring the court of appeals to certify the existence of either newly discovered evidence or a new rule of retroactively applicable constitutional law before a petitioner can file a second or

2

successive § 2255 motion).  In such situations, a petitioner may try to take advantage of the "savings clause" and seek relief pursuant to § 2241 if a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention."  *Turner*, 709 F.3d at 1331 (citing § 2255(e)).  In *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), *cert. denied*, 132 S.Ct. 1001 (2012), we left open the question of whether a prisoner could bring, pursuant to § 2241, a claim of "pure *Begay* error,"—that the petitioner was sentenced in excess of what would have otherwise been the statutory maximum because of the application of 18 U.S.C. § 924(e).  *Turner*, 709 F.3d at 1332.  However, before we will resolve the question of whether relief is available pursuant to § 2241, a petitioner must demonstrate that he no longer qualifies for the enhancement pursuant to § 924(e).  *Id.* at 1334-35.

James's § 922(g)(1) conviction carries a maximum sentence of ten years.  18 U.S.C. § 924(a)(2).  However, any person who violates § 922(g) and has "three previous convictions . . . for a violent felony or a serious drug offence, or both, . . . shall be . . . imprisoned not less than fifteen years . . . ."  *Id.* § 924(e)(1).  A "serious drug offense" is an offense under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* or 21 U.S.C. § 951 *et seq.*, for which "a maximum term of imprisonment of ten years or more is prescribed by law" or a similar state offense. 18 U.S.C. § 924(e)(2)(A).  A "violent felony" is any crime punishable by

3

imprisonment for a term exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.* § 924(e)(2)(B).

In *Begay*, the Supreme Court addressed the definition of a violent felony under § 924(e) and found that a felony offense of driving under the influence did not qualify as a predicate violent felony under the ACCA.  *Begay v. United States*, 553 U.S. 137, 144-48, 128 S.Ct. 1581, 1586-88, 170 L.Ed.2d 490 (2008).  However, an armed robbery conviction is "undeniably a conviction for a violent felony."  *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006).  Similarly, we have affirmed, when unchallenged on appeal, that a robbery conviction in violation of Fla. Stat. Ann. § 812.13 is a predicate offense under the ACCA.  *United States v. Gandy*, No. 11-15407, manuscript op. at 6 (11th Cir. Feb. 27, 2013); *see also United States v. Welch*, 683 F.3d 1304, 1310-14 (11th Cir. 2012) (holding that a conviction under § 812.13(1) is a violent felony), *cert. denied*, 133 S.Ct. 913 (2013).

In Florida, "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  Fla. Stat. Ann. § 893.13(1)(a).  If the controlled substance is listed in Fla. Stat. Ann.

4

§ 893.03(2)(a), the violation is a felony of the second degree. *Id.*
§ 893.13(1)(a)(1). Cocaine and any derivative of cocaine is listed as a controlled substance under § 893.03(2)(a)(4). A felony of the second degree carries a maximum sentence of 15 years of imprisonment. Fla. Stat. Ann. § 775.082(3)(c).

In this case, the application of the ACCA enhancement resulted in James's sentence exceeding the otherwise applicable statutory maximum sentence of ten years. *See* 18 U.S.C. § 924(a)(2). As a result, he fits within the opening left by *Gilbert* and *Turner* in the wake of *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). However, he has failed to demonstrate that he is entitled to relief under the savings clause of § 2255 because he still qualifies as an armed career criminal after *Begay*.

AFFIRMED.

5