VIRGINIA EMERSON HOPKINS, Senior United States District Judge
Before the Court is Defendant Vaughn Alexander Cropper's Motion To Review and Revoke Magistrate's Detention Order (doc. 110) (the "Motion") filed on December 17, 2018. The Government did not file any opposition to the Motion. Accordingly, the Motion is ripe for review.
The Motion is GRANTED to the extent that the Court will review the magistrate *1238 judge's detention order. However, for the reasons set out below, the Motion is otherwise DENIED . Defendant will not be released pending appeal.
I. PROCEDURAL HISTORY
On April 11, 2017, Defendant was convicted by a jury of being a felon knowingly in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), with penalties as set out at 18 U.S.C. § 924. At sentencing, the Court found that Defendant had three prior drug felony convictions, and therefore sentenced him under the mandatory minimum sentencing provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Judgment of Conviction (doc. 79) was entered on August 10, 2017. Defendant was sentenced to a custodial term of 188 months. (See id. at 2).
On August 11, 2017, Defendant filed a Notice of Appeal (doc. 81) and appealed his conviction and sentence.
On August 14, 2017, Defendant filed a Motion To Proceed Pro Se on Appeal and Waive Appointment of Counsel. (Doc. 84). In the Motion To Proceed Pro Se on Appeal and Waive Appointment of Counsel, Defendant also requested that he be given a "hearing ... to determine if [he] [could] be released pending appeal." (See id. at 1 n.1).
Magistrate Judge T. Michael Putnam held a hearing on August 23, 2017. (See Docket Sheet). On August 25, 2017, Judge Putnam issued an Order Denying Release Pending Appeal (doc. 88).
On November 17, 2017, Defendant filed a Motion To Revoke Magistrate's Detention Order (doc. 102). On November 20, 2017, the district court transmitted Defendant's Motion To Revoke Magistrate's Detention Order to the United States Court of Appeals for the Eleventh Circuit. (See Docket Sheet).
On March 15, 2018, the Eleventh Circuit dismissed Defendant's Motion To Revoke Magistrate's Detention Order without prejudice. (See doc. 110-1 at 1). The Eleventh Circuit did not have jurisdiction to rule on the motion because "the district court never reviewed [the detention order] and therefore never rendered a final ruling ... that [the Eleventh Circuit] [could] review." (See id. ) The Eleventh Circuit stated that Defendant could "re-file a motion for release pending appeal in the district court." (See id. at 2).
On December 17, 2018, Defendant filed the Motion pursuant to 18 U.S.C. § 3145(b).
II. STANDARD
Section 3145(b) provides in relevant part as follows: "If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b).
"District courts are required to review magistrate judges' detention orders de novo ." United States v. Lozano , No. 09-158, 2009 WL 3834081, at *1 (M.D. Ala. Nov. 16, 2009) (citing United States v. Hurtado , 779 F.2d 1467, 1481 (11th Cir. 1985) ). "Thus, in this case, the Magistrate Judge's findings cannot be afforded any deference." Id.
III. ANALYSIS
In the Motion, Defendant seeks to be released from custody pending his appeal. Defendant is proceeding on appeal and in this Motion without counsel. Therefore the Court has broadly construed the Motion and the relief sought. See Erickson v. Pardus , 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("A document filed pro se is 'to be liberally construed[ ]' ...." (quoting Estelle v. Gamble , 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ) ).
*1239 Detention or release of a person who has been convicted and sentenced and has filed an appeal is governed by 18 U.S.C. § 3143(b), which provides as follows:
(b) Release or detention pending appeal by the defendant.-(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds-
(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.
18 U.S.C. § 3143(b).
Thus, the statutory scheme requires detention post-sentencing of any person who falls within § 3143(b)(2). A person who has been convicted and sentenced, but who does not fall within § 3143(b)(2), must be detained pending appeal unless the person satisfies the requirements at § 3143(b)(1). Accordingly, this Court will first decide whether Defendant does or does not fall within § 3143(b)(2). If he does not, the Court will then decide whether or not Defendant satisfies the requirements of § 3143(b)(1).
As is clearly stated in § 3143(b)(2), any person "who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of [ 18 U.S.C.] section 3142 and [who has been] sentenced to a term of imprisonment" is to be detained while his appeal is pending. 18 U.S.C. § 3143(b)(2). Thus, the first legal issue for this Court to resolve is whether Defendant was found guilty in a case described in subparagraphs (A), (B), or (C) of 18 U.S.C. § 3142(f)(1).
The Court initially notes that § 3143(b)(2) is written in terms of "cases described." The Court further notes that those cases are described with reference to the penalties applicable upon conviction of an underlying offense. The cases described in 18 U.S.C. § 3142(f)(1) at subparagraphs (A), (B), and (C) are:
(A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
(B) an offense for which the maximum sentence is life imprisonment or death;
[and]
(C) an offense for which a maximum term of imprisonment of ten years or *1240 more is prescribed in the Controlled Substances Act ( 21 U.S.C. 801 et seq. ), the Controlled Substances Import and Export Act ( 21 U.S.C. 951 et seq. ), or chapter 705 of title 46[.]
18 U.S.C. § 3142(f)(1).
The Court notes that Defendant was not convicted before this Court of a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B). Thus, subparagraph (A) does not cabin this request. The Court also notes that Defendant was not convicted of an offense whose penalties are prescribed by the Controlled Substances Act ( 21 U.S.C. § 801 et seq. ), the Controlled Substances Import and Export Act ( 21 U.S.C. § 951 et seq. ), or chapter 705 of title 46. Thus, subparagraph (C) also fails to control. Accordingly, only subparagraph (B) may apply in this case.
Subparagraph (B) includes "offense[s] for which the maximum sentence is life imprisonment or death." 18 U.S.C. § 3142(f)(1)(B). Here, Defendant was convicted of the offense of being a felon knowingly in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ordinarily, this offense has a maximum sentence of ten years imprisonment. See 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection ... (g)[ ] ... of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."). However, because Defendant had three prior drug felony convictions, his sentence was enhanced pursuant to 18 U.S.C. § 924(e). See 18 U.S.C. § 924(e). As a result of this sentence enhancement, the statutory maximum penalty to which Defendant could have been sentenced was life imprisonment. See 18 U.S.C. § 924(e)(1) (stating that "such person shall be fined under this title and imprisoned not less than fifteen years").
Accordingly, whether subparagraph (B) applies in this case depends on whether subparagraph (B) directs the Court to consider only the ordinary maximum sentence of Defendant's offense of conviction of § 922(g), which is ten years imprisonment, or to consider the maximum sentence as enhanced by § 924(e), which is life imprisonment.
The Eleventh Circuit has not decided this issue. In fact, the only case that the Court could find that addresses this issue is United States v. Burnom , No. 89-1023, 1993 WL 291874, at *1-2 (N.D. Ill. July 30, 1993). The Burnom court concluded that subparagraph (B) did not apply in this situation and thus the defendant was not subject to mandatory detention pending appeal based on the following analysis:
Section 3142(f)(1)(B) includes "offenses(s) for which the maximum sentence is life imprisonment." (emphasis added). According to the government's reading of these provisions, since Section 924(e) carries a maximum sentence of life imprisonment and Section 3142(f)(1)(B) includes individuals who have committed an offense subject to a maximum sentence of life imprisonment, defendant must be detained under Section 3143(b)(2).
Defendant counters and this court agrees that defendant should not be detained under Section 3143(b)(2) because he has not committed an offense subject to a maximum sentence of life imprisonment as required under Section 3142(f)(1)(B). As defendant suggests, his offense of conviction is Section 922(g), an offense which only carries a maximum penalty of ten years in prison, and not Section 924(e) as the government suggests.
Contrary to the government's contention, Section 924(e) does not constitute the offense of conviction in this instance. The Seventh Circuit has clearly established that Section 924(e) does not create *1241 a separate federal offense. Rather, Section 924(e) is only a sentence enhancement provision. See United States v. Lowe , 860 F.2d 1370, 1374-1381 (7th Cir. 1988), cert. denied , 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989). Since defendant's offense of conviction is Section 922(g) and this offense does not carry the requisite maximum sentence of life imprisonment, this court finds that defendant is not subject to the automatic detention requirement established in Section 3143(b)(2).
Id. (footnote omitted).
Similar to the Seventh Circuit, the Eleventh Circuit has also held that "[ Section] 924(e) is a sentence enhancement provision, not a separate offense." United States v. Horne , 206 F. App'x 942, 944 (11th Cir. 2006) (citing United States v. McGatha , 891 F.2d 1520, 1527 (11th Cir.1990) ); see also, e.g. , United States v. Williams , 156 F. App'x 260, 263 (11th Cir. 2005) ("We have held that § 924(e) is merely a sentence enhancement provision, and does not create a separate offense." (citing United States v. Ruo , 943 F.2d 1274, 1275 (11th Cir. 1991) ) ). However, unlike the Burnom court, this Court finds that this holding does not control the issue here.
More specifically, this Court, bound by Eleventh Circuit precedent, agrees with the Burnom court that the offense of conviction is § 922(g) and not § 924(e). However, this Court disagrees with the Burnom court that the fact that the offense of conviction is § 922(g) automatically leads to the conclusion that subparagraph (B) does not apply since the maximum sentence is 10 years imprisonment. This is because the Burnom court set up its analysis as follows: (1) if the offense of conviction is § 922(g), then the maximum sentence is 10 years imprisonment, and subparagraph (B) does not apply; but (2) if the offense of conviction is § 924(e), then the maximum sentence is life imprisonment, and subparagraph (B) does apply. However, that analysis does not properly treat § 924(e) as a sentence enhancement. Thus, the analysis that this Court will use is as follows: the offense of conviction is § 922(g) in both scenarios; and (1) if the § 924(e) sentence enhancement does not apply, then the maximum sentence is 10 years imprisonment, and subparagraph (B) does not apply; but (2) if the § 924(e) sentence enhancement does apply, then the maximum sentence is life imprisonment, and subparagraph (B) does apply. The way this Court sets up its analysis is consistent with the Eleventh Circuit's treatment of § 922(g) as having different maximum sentences depending on whether the § 924(e) sentence enhancement applies. See, e.g. , United States v. Cunningham , 147 F. App'x 952, 952 (11th Cir. 2005) ("The maximum sentence for violation of § 922(g) -if the armed career criminal enhancement has no application-is 10 years imprisonment. See 18 U.S.C. § 924(a)(2). But a defendant who violates § 922(g) and who has been convicted previously of three or more offenses which are drug trafficking crimes or crimes of violence ('predicate offenses') faces a mandatory minimum 180-month sentence and maximum life sentence as an armed career offender under 18 U.S.C. § 924(e).")[1]
*1242 Applying this analysis to the facts here, the Court finds that subparagraph (B) does apply. Defendant had three prior drug felony convictions, and his sentence was enhanced pursuant to 18 U.S.C. § 924(e) so that he faced a statutory maximum penalty of life imprisonment. Accordingly, because subparagraph (B) does apply, Defendant will be detained pending appeal pursuant to § 3143(b)(2).
Lastly, in the Motion, Defendant only presents one argument as to why he should not be detained pending appeal pursuant to § 3143(b)(2). Defendant argues that he should be released pursuant to 18 U.S.C. § 3145(c). (See doc. 110 at 15-17).[2]
*1243 Section 3145(c) provides as follows:
(c) Appeal from a release or detention order. -An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.
18 U.S.C. § 3145(c).
While there is a minority view that only an appellate court has jurisdiction to release a defendant pursuant to § 3145(c), see United States v. Harrison , 430 F.Supp.2d 1378, 1382-85 (M.D. Ga. 2006), the Eleventh Circuit has held that "a district court does have jurisdiction to grant a defendant release pending sentencing and appeal pursuant to the provisions of 18 U.S.C. § 3145(c)." United States v. Meister , 744 F.3d 1236, 1237 (11th Cir. 2013). Accordingly, this Court must determine "whether [Defendant] meets § 3145(c)'s three conditions: (1) [he] is 'subject to detention pursuant to section 3143(a)(2) or (b)(2) '; (2) [he] 'meets the conditions of release set forth in section 3143(a)(1) or (b)(1) '; and (3) 'there are exceptional reasons' why [his] detention 'would not be appropriate.' " See United States v. Hooks , 330 F.Supp.2d 1311, 1313 (M.D. Ala. 2004) (quoting 18 U.S.C. § 3145(c) ).
This Court has already determined that Defendant meets the first condition of being "subject to detention pursuant to section 3143(a)(2) or (b)(2)." See 18 U.S.C. § 3145(c). Thus, the Court must now determine whether Defendant meets the second condition of satisfying " section 3143(a)(1) or (b)(1)" and the third condition of "clearly show[ing] that there are exceptional reasons" why he should not be detained pending appeal. See id.
The Court notes that Defendant has not met the third condition. Accordingly, the Court need not determine whether the second condition is met, and Defendant will be detained pending appeal.
More specifically, in his Motion, Defendant offers only three "exceptional reasons why [his] detention is inappropriate." (See doc. 110 at 16) (underlining and capitalization omitted). His three reasons are as follows:
1) The fact that I am representing the defendant on appeal should qualify as an exceptional reason why my detention is inappropriate because my release is 'absolutely necessary' for the defendant/appellant's defense. My incarceration deprives me of access to essential resources and legal material necessary to perfect the defendant/appellant's appeal. Since my arrival at FCI Forrest City Low, all of my motions have been handwritten because this institution does not provide a word processing software, which is essential to the structure, format and perfection of the appellant's brief. The appellant's brief will also be handwritten if I am forced to complete it from here. My incarceration has constantly presented circumstances beyond my control which have prevented me from completing the appeal to date.
2) In the event that oral argument is granted at the appellate level or this *1244 case is remanded for further proceedings, my release would allow me to appear in court at no cost to any government agencies. As the representative for the defendant, my presence in court is absolutely necessary.
3) Justice requires correction or nullification of DC2008-3747/CC2009-0812. To correct the injustice regarding the Information in DC2008-3747, the defendant must move for correction of the record or vacation of the conviction via coram nobis at the state level. As the defendant's representative, it is imperative that I am able to attend those proceedings. My release would allow me to attend the state court proceedings at my own expense and will allow justice to be fulfilled.
(See id. at 16-17). Defendant does not provide any explanation in his Motion as to why these three reasons are "exceptional." (See id. )
The Court notes that Defendant's three reasons all relate to his access to court. "It is well-established 'that prisoners have a constitutional right of access to the courts' under the Due Process Clause[ ] ...." Whitfield v. Thompson , 165 F.Supp.3d 1227, 1238 (S.D. Fla. 2016) (quoting Bounds v. Smith , 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) ). Defendant need not be released pending appeal to be able to effectively represent himself on appeal, to represent himself in the district court if his case is remanded, or to file a motion in state court. Accordingly, the Court finds that Defendant has failed to "clearly show[ ] that there are exceptional reasons" why he should not be detained pending appeal. See 18 U.S.C. § 3145(c).
IV. CONCLUSION
In his Motion, Defendant seeks to be released pending appeal. Section 3143(b) provides two ways for a Court to order that a defendant be detained pending appeal. First, a defendant must be detained pending appeal pursuant to § 3143(b)(2) if he has been found guilty of certain offenses. Second, even if § 3143(b)(2) does not require detention, a defendant may be detained if he fails to meet the conditions of § 3143(b)(1).
Here, Defendant must be detained pending appeal pursuant to § 3143(b)(2). Section 3143(b)(2), inter alia , mandates that a defendant who has been convicted of an offense as described in subparagraph (B) of § 3142(f)(1) be detained. See 18 U.S.C. § 3143(b)(2). Subparagraph (B) of § 3142(f)(1) includes "offense(s) for which the maximum sentence is life imprisonment or death." See 18 U.S.C. § 3142(f)(1)(B). Because Defendant was convicted of violating § 922(g) and was sentenced according to § 924(e), he faced a statutory maximum penalty of life imprisonment. Accordingly, Defendant must be detained pending appeal pursuant to § 3143(b)(2), and the Court need not reach the issue of whether Defendant has satisfied the conditions of § 3143(b)(1).
Lastly, Defendant argues that, even if he must be detained pursuant to § 3143(b)(2), he can still be released if he meets the conditions of § 3145(c). However, Defendant has not met the conditions of § 3145(c) because he has failed to "clearly show[ ] that there are exceptional reasons" why he should not be detained pending appeal. See 18 U.S.C. § 3145(c). Accordingly, Defendant must be detained pending appeal.
For the reasons stated above, the *1245 Motion is GRANTED insofar as the Defendant sought a de novo review by the undersigned. In all other respects, the Motion is DENIED . It is ORDERED that Defendant be detained pending appeal.
DONE and ORDERED this the 21st day of February, 2019.

See also, e.g., Bryant v. Warden, FCC Coleman-Medium , 738 F.3d 1253, 1279 (11th Cir. 2013) (referring to "increas[ing] [the] statutory maximum sentence [for a § 922(g) conviction] from 10 years in § 924(a)(2) to life imprisonment in § 924(e)" if the defendant has "three predicate felonies"), overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc. , 851 F.3d 1076 (11th Cir. 2017) ; James v. Warden, FCC Coleman-Medium , 550 F. App'x 835, 837 (11th Cir. 2013) (referring to the § 924(e) sentence enhancement as increasing the defendant's sentence above "the otherwise applicable statutory maximum sentence of ten years" (emphasis added) ); United States v. Thomas , 242 F.3d 1028, 1034 (11th Cir. 2001) ("Ordinarily, the maximum sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), is ten years. 18 U.S.C. § 924(a)(2). However, § 924(e)(1) authorizes a punishment of not less than fifteen years (which means up to life imprisonment, see United States v. Brame , 997 F.2d 1426, 1428 (11th Cir.1993) ) for violation of § 922(g) where the defendant has previously been convicted of three violent felonies or serious drug offenses."); United States v. Burke , No. 09-63, 2016 WL 9663111, at *1 (N.D. Fla. Aug. 31, 2016) ("Mr. Burke pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The maximum sentence for violating § 922(g)(1) is ordinarily 10 years in prison. See id. § 924(a)(2). But if the defendant is an armed career criminal as defined in 18 U.S.C. § 924(e), the minimum sentence is 15 years, and the maximum is life.").

The Court notes that Defendant also argues that the § 924(e) sentence enhancement was incorrectly applied to him because "[two] of the [three] predicate offenses occurred at the same time and place" and thus were not, as required by § 924(e), "committed on occasions separate from one another." (See doc. 110 at 12-15). However, Defendant does not present this argument to challenge his detention pending appeal pursuant to § 3143(b)(2). More specifically, Defendant does not argue that this Court should change his sentence so that the § 924(e) sentence enhancement does not apply and thus he is subject only to a statutory maximum penalty of ten years imprisonment instead of life imprisonment. Instead, Defendant presents this argument to challenge the magistrate judge's alternative finding that Defendant should be detained pursuant to § 3143(b)(1) because none of his appeal issues-including the issue that the § 924(e) sentence enhancement was incorrectly applied to him-are likely to result in reversal, a new trial, or a reduction of his sentence. However, because this Court finds that Defendant is subject to mandatory detention pending appeal pursuant to § 3143(b)(2), the Court does not need to reach a § 3143(b)(1) analysis and determine whether Defendant's appeal issues are likely to result in reversal, a new trial, or a reduction of his sentence. Further, even if the Court were to construe Defendant's argument as asking the Court to reconsider his sentence and even if the Court had the authority to reconsider his sentence at this time, the Court notes-and Defendant admits-that "these issues were not raised during the original sentencing hearing" (doc. 110 at 15) or as objections to the Presentence Investigation Report. (See doc. 66 at 4-7) (see also doc. 77-1 at 1-3). Accordingly, Defendant has admitted all facts material to this analysis stated in the Presentence Investigation Report, and more specifically that he had three prior drug felony convictions as defined at 18 U.S.C. § 924(e)(2), all of which were committed on different occasions. (See doc. 77 at 8, ¶ 25); United States v. Bennett , 472 F.3d 825, 833-34 (11th Cir. 2006) ("[The defendant] failed to object to the facts of his prior convictions as contained in his PSI and addendum to the PSI despite several opportunities to do so; thus, he is deemed to have admitted to those facts." (citing United States v. Wade , 458 F.3d 1273, 1277 (11th Cir. 2006) (stating "[i]t is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes"); United States v. Williams , 438 F.3d 1272, 1274 (11th Cir. 2006) (stating that the defendant's "failure to contest the 37 grams imputed in the PSI constituted an admission of that quantity"); United States v. Burge , 407 F.3d 1183, 1191 (11th Cir. 2005) (stating that the defendant "waived his objections to the factual statements about his relevant conduct in the presentence report and, therefore, admitted the facts in that report"); United States v. Shelton , 400 F.3d 1325, 1328-30 (11th Cir. 2005) ) ).