# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| STATE OF DELAWARE, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **I.D. No. 1502004898** |
| | ) | |
| LAMARR ANDERSON, | ) | |
| Defendant. | ) | |

Submitted: October 27, 2021
Decided: December 6, 2021

## ORDER

*Upon the pro se Defendant Lamarr Anderson's Motion for Correction of Sentence Pursuant to Criminal Rule 35(a),*
**DENIED**.

This 6th day of December, 2021, upon consideration of the *pro se* Defendant Lamarr F. Anderson's Motion for Correction of Sentence pursuant to Superior Court Criminal Rule 35(a) (D.I. 43), his supplemental letter thereto (D.I. 47), the State's Response (D.I. 45), and the record in this matter, it appears to the Court that:

(1)     Defendant Lamarr F. Anderson pleaded guilty to Possession with Intent to Deliver Marijuana, a felony conviction, in 2010.[1]  In 2012, he pleaded guilty to Assault in the Second Degree, also a felony conviction.[2]  And then in this case, on

---

[1]   Plea Agreement and TIS Guilty Plea Form, *State v. Lamarr F. Anderson*, ID No. 1005005628 (Del. Super. Ct. Sept. 13, 2010) (D.I. 11) (this plea was a consolidated disposition that included charges from ID Nos. 1002010347 and 1003019266).

[2]   Plea Agreement and TIS Guilty Plea Form, *State v. Lamarr F. Anderson*, ID No. 1111012677 (Del. Super. Ct. Mar 14, 2012) (D.I. 8).

-1-

December 28, 2016, after a lengthy and thorough plea colloquy, Mr. Anderson was convicted of Possession of a Firearm by a Person Prohibited ("PFBPP") and Carrying a Concealed Deadly Weapon.[3] The plea was in exchange for dismissal of the remaining pending charges and a favorable sentencing recommendation.[4] Because the PFBPP was committed after Mr. Anderson had been previously convicted of at least two separate violent felonies—convictions Mr. Anderson admitted he had during his plea proceedings[5]—the Court was required to impose no less than a minimum ten-year sentence at Level V pursuant to 11 *Del. C.* § 1448(e)(1)(c).[6] Mr. Anderson's sentencing immediately followed the plea colloquy and the Court imposed the parties' recommended sentence—the minimum ten years of imprisonment required, followed by diminishing levels of supervision.[7]

---

[3]  Plea Agreement and TIS Guilty Plea Form, *State v. Lamarr F. Anderson*, ID No. 1502004898 (Del. Super. Ct. Dec. 28, 2016); *see also* Tr. of Guilty Plea, *State v. Lamarr F. Anderson*, ID No. 1502004898 (Del. Super. Ct. Nov. 3, 2021).

[4]  Plea Agreement, at 1 ("State will agree to cap the recommendation for unsuspended Level 5 time at 10 years").

[5]  *See e.g.*, *id.* at 1 ("Defendant faces 10 years minimum mandatory Level 5 time on the PFBPP (count 7) based on his 2 prior violent felony convictions.  Assault Second Degree 06/29/12; Possession with Intent to Deliver 11/19/10.").

[6]  *See* DEL. CODE ANN. tit. 11, § 1448(e)(1)(c) (2015) (minimum sentence of ten years at Level V required if a defendant has been convicted of 2 or more separate violent felonies).

[7]  Sentencing Order, *State v. Lamarr F. Anderson*, ID No. 1502004898 (Del. Super. Ct. Dec. 28, 2016).

## PROCEDURAL HISTORY

(2)     Two months after that sentencing, Mr. Anderson filed his first Motion for Modification of Sentence pursuant to Criminal Rule 35(b).[8]  After a review of that motion on its merits, it was denied.[9]

(3)     A year later, Mr. Anderson filed his second Motion for Modification of Sentence pursuant to Rule 35(b).[10]  The Court denied the motion as a repetitive request that just echoed the first Rule 35(b) motion.[11]

(4)     Now before the Court is Mr. Anderson's third Rule 35 application—a Motion for Correction of Sentence seeking to invoke Superior Court Criminal Rule 35(a).[12]  Mr. Anderson appears to allege two separate bases for his motion.  *First*, Mr. Anderson contends he is serving an illegal sentence because the charging language in his indictment that outlines the PFBPP count includes just one prior felony conviction when alleging the basis of his person prohibited status. This "defect" he believes renders his sentence under 11 *Del. C.* § 1448(e)(1)(c) invalid.[13]

---

[8]    Def.'s 1st Rule 35(b) Mot. (D.I. 39).

[9]    *State v. Lamarr F. Anderson*, ID No. 1502004898 (Del. Super. Ct. Feb. 28, 2017) (order denying first motion to reduce sentence) (D.I. 40).

[10]    Def.'s 2nd Rule 35(b) Mot. (D.I. 41).

[11]    *State v. Lamarr F. Anderson*, ID No. 1502004898 (Del. Super. Ct. Feb. 16, 2018) (order denying second motion to reduce sentence) (D.I. 42).

[12]    Def.'s Rule 35(a) Mot. for Correction of Sentence, Sept. 17, 2021 (D.I. 43).

[13]    *Id.* at ¶ 13.

So, according to Mr. Anderson, he should instead be serving only a five-year minimum because his sentence was improperly enhanced by a second predicate felony conviction that was not included in the PFBPP charging language.[14] And *second*, Mr. Anderson argues that the Court "did not make the requisite inquiry *on the record* into the factual basis for the statutorily enhanced penalty."[15]

## STANDARD OF REVIEW

(4)     Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[16] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[17]

## DISCUSSION

**A. THE COURT DID FULLY EXAMINE THE TWO PRIOR VIOLENT FELONY CONVICTIONS THAT SUPPORT MR. ANDERSON'S ENHANCED SENTENCE.**

(5)     Mr. Anderson's contention that the Court failed to properly inquire into the basis for his enhanced § 1448(e)(1)(c) sentence is belied by the record. This

---

[14]   *Id.* at ¶¶ 16-17.

[15]   *Id.* (emphasis in original).

[16]   Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

[17]   *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

Court ensured Mr. Anderson understood the basis and terms of his guilty plea during his plea colloquy—including his sentencing exposure.[18] Indeed, the Court and Mr. Anderson had a lengthy discussion about the predicate felonies supporting the enhanced PFBPP penalty that Mr. Anderson knew he then faced:

> THE COURT: Do you understand that because of your prior felony convictions, that you face a minimum of ten years for the Possession of a Firearm by a Person Prohibited?
>
> MR. ANDERSON: That's what I don't understand.
>
> THE COURT: Okay. Tell me why you don't understand that.
>
> MR. ANDERSON: For the simple fact that saying I have two prior violent felonies, I think I only have one violent felony which is Assault Second. . . . They are saying my drug charge is violent. I am hearing from other lawyers that my drug charge is not violent.
>
> THE COURT: Well, you pled guilty to Possession with Intent to Deliver in 2010, correct?
>
> MR. ANDERSON: Yes.
>
> THE COURT: Okay. In 2015 is when you committed the act we just talked about, correct?
>
> MR. ANDERSON: Yes.
>
> THE COURT: At that time Possession with Intent to Deliver was a violent felony, still classified as a violent felony when you committed the act. If it is classified as a violent felony when you commit the act, that's what

---

[18] *See generally* Tr. of Guilty Plea, Dec. 28, 2016 (D.I. 46).

-5-

counts.  If there's a change in the law afterwards, that doesn't apply to you.  Do you understand that?

MR. ANDERSON:     Yes.

THE COURT:     So do you understand that because you have that Assault in the Second Degree, which occurred in 2012, because you have a Possession with Intent to Deliver, that happened in 2010, *those were two prior violent felony convictions that you had*.  You understand that?

MR. ANDERSON:     Yes.

THE COURT:     In 2015, when you decided to possess that firearm, you were a person *with two violent felonies on your record* when you possessed the firearm.  Do you understand that?

MR. ANDERSON:     Yes.

THE COURT:     Because of that, you face a minimum of ten years imprisonment.  Do you understand that?

MR. ANDERSON:     Yes.[19]

(6)     Too, when Mr. Anderson later questioned the 10-year minimum requirement, the Court again explained—three more times—that his predicate felonies and the current charges required the Court to impose *at least* ten years—it

---

[19]   Tr. of Guilty Plea, 18-20 (emphasis added).

-6-

could impose more, but no less.[20]  And again, Mr. Anderson confirmed that he understood.[21]

(7)    The plain language of § 1448(e)(1)(c) required the Court to impose a minimum sentence of "[t]en years at Level V, if the person has been convicted on 2 or more separate occasions of any violent felony."[22]  Here, Mr. Anderson's two, separate, prior felony charges were (1) Possession with Intent to Deliver Marijuana and (2) Assault in the Second Degree.  Each of those crimes were classified as a violent felony under Delaware law extant when Mr. Anderson committed the present PFBPP.[23]    And so, the Court addressed each with Mr. Anderson—who acknowledged and admitted each—and accurately explained that it was statutorily required to impose no less than ten years of incarceration because of them.[24]

---

[20]    *Id.* at 20-21.  Mr. Anderson again answered affirmatively to the Court's follow-up inquiry that he understood his sentencing exposure: "So you understand, right here, right now, that your sentencing exposure is every single day of ten years up to 23?"  *Id.* at 27.

[21]    *Id.* at 20-22.

[22]    DEL. CODE ANN. tit. 11, § 1448 (e)(1)(c) (Possession and purchase of deadly weapons by persons prohibited; penalties).

[23]    *See* DEL. CODE ANN. tit. 11, § 4201(c) (2015) (listing Possession with Intent to Deliver a Controlled Substance and Assault in the Second Degree as violent felonies); *see also Butcher v. State*, 171 A.3d 537, 543-44 (Del. 2017) ("[T]he definition of 'violent felony' as that term is used in Section 1448(e) is controlled by the version of Section 4201(c) in effect at the time [an offender] committed [PFBPP].")

[24]    Tr. at 15-16, 19-20.

**B. THE CHARGING LANGUAGE OF A PFBPP COUNT NEED NOT INCLUDE ALL PRIOR CONVICTIONS THAT MIGHT ENHANCE ONE'S SENTENCE.**

(8)     Mr. Anderson also insists that it is necessary to allege in a PFBPP indictment all prior felony convictions that might subject the defendant to enhanced penalties under 11 *Del. C.* § 1448(e)(1)(c).  Not so.

(9)     Not only has Mr. Anderson failed to cite any case law or statutory authority supporting his contention, but other courts addressing like arguments have held that indictments need not mention prior convictions to trigger the imposition of a statutorily enhanced penalty.  For example, the United States Supreme Court in *Almendarez-Torres v. United States* held that an indictment charging illegal reentry didn't need to include an offender's prior felony convictions for the statutory maximum penalty to be applicable because the relevant subsection of the governing statue "is a penalty provision, which simply authorizes an enhanced sentence."[25]  So while "an indictment must set forth each element of the crime that it charges. . . . it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime."[26]  Following *Almendarez-Torres*, the First Circuit in *United States v. Jimenez-Banegas* held that federal defendant's one-count indictment did not have to mention his prior aggravated felony conviction for him to be subject to

---

[25]   523 U.S. 224, 224 (1998).  The purpose of this sentencing statute's enhancement was to address recidivism—which "is as typical a sentencing factor as one might imagine." *Id.* at 256.

[26]   *Id.*

an enhanced sentence.[27]   And finally, in *United States v. McGatha*, the Eleventh Circuit held that § 924(e)(1) of the Armed Criminal Career Act—the federal analog to Delaware's PFBPP statute—was a mere sentencing enhancement provision aimed at those with three or more prior felony convictions who are subsequently convicted of unlawful possession of a firearm.[28]   And so, the court held, a defendant's prior felony conviction(s) did *not* have to be enumerated in the indictment or proved beyond a reasonable doubt at trial as such prior convictions "are relevant only for recidivist sentencing."[29]

## CONCLUSION

(10)   Mr. Anderson is not serving an illegal sentence.  The Court imposed the statutorily required minimum sentence of ten years at Level V because Mr. Anderson had previously been convicted of two violent felonies—Assault in the Second Degree and Possession with Intent to Deliver.  Indeed, Mr. Anderson acknowledged his two prior felony convictions during his plea colloquy and understood the basis of his sentence.  There simply is no requirement that his indictment include each of his previous felony convictions that might aggravate his

---

[27]   790 F.3d 253 (1st Cir. 2015).  Just as Mr. Anderson did here, that federal defendant acknowledged his prior conviction and that it was for an aggravated felony that triggered the enhanced sentencing for his federal charges. *Id.* at 256.

[28]   891 F.2d 1520 (11th Cir. 1990) (citing 18 U.S.C. § 924(e)(1)).

[29]   *McGatha*, 891 F.2d at 1527.

sentence for the Court to impose the term mandated by 11 *Del. C.* § 1448(e)(1)(c). In turn, Mr. Anderson's motion for correction of his sentence brought under Criminal Rule 35(a) must be **DENIED**.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc: Mr. Lamarr F. Anderson, *pro se*
Dianna A. Dunn, Deputy Attorney General